Commonwealth ex rel., Appellant, *v.* Foster (No. 1).

*Municipalities—Cities of the third class—Municipal contracts—Prior appropriation.*

A prior appropriation by a city of the third class is essential to every contract entered into by it, in which "the appropriation of money" is involved.

A mandamus will not be granted against the controller of a city of the third class to certify a contract for furnishing electric lights to the city, where it appears that no appropriation had ever been made either by resolution or ordinance of the councils of the city for the payment of any moneys under the contract.

Argued Feb. 12, 1906. Appeal, No. 140, Jan. T., 1905, by plaintiff, from order of C. P. Lebanon Co., June T., 1905, No. 10, refusing mandamus in case of Commonwealth ex rel. The Edison Electric Illuminating Co. v. Charles Foster, Controller of the City of Lebanon. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Petition for mandamus. Before EHRGOOD, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal of mandamus.

*John G. Johnson,* with him *S. P. Light,* and *C. H. Killinger* for appellant.—To sustain our claim we offer a contract duly entered into after bids taken, in pursuance of ordinance, between the appellant and the proper officers of the city, on terms which the law upholds.

Similiar contracts have been held valid in : Black v. Chester, 175 Pa. 101 ; Metropolitan Electric Co. v. Reading, 175 Pa. 107 ; Seitzinger v. Tamaqua Boro., 187 Pa. 539.

The controller cannot now raise the question that no appropriation was made in 1903, in anticipation of the requirements of this contract, prior to the passage of the ordinance which authorized it, the contract having been put into binding form by the proper authorities of the city, and it having been partly executed by the appellant rendering the services for which it stipulated and which were accepted by the city, which is now desirous of paying for those services which were so rendered to and accepted by it: Com. v. Philadelphia, 176 Pa. 588 ; Com. v. Pittsburg, 204 Pa. 219 ; Com. v. George, 148 Pa. 463 ; Black v. Chester, 175 Pa. 101 ; Philadelphia v. Lockhardt, 73 Pa. 211 ; Phila. v. Hays, 93 Pa. 72 ; McKnight v. Pittsburg, 91 Pa. 273 ; Shiloh Street—McCormick's Appeal, 165 Pa. 386 ; Amberson Avenue, 179 Pa. 634.

*George B. Woomer,* for appellee.—No contract involving an appropriation of money can take effect without a precedent appropriation therefor, and an estimate of expenditure charged against the appropriation and so certified by the controller : Harrisburg v. Shepler, 7 Pa. Superior Ct. 491; Harrisburg v. Shepler, 190 Pa. 374; Harrisburg v. Mish, 14 Pa. Superior Ct. 496; Harrisburg v. McPherran, 200 Pa. 343.

A controller cannot certify a contract for which an insufficient appropriation has been made : Deysher v. City of Reading, 18 Pa. C. C. Rep. 611.

OPINION BY MR. JUSTICE BROWN, May 7, 1906 :

Appellant's application in the court below was for a writ of mandamus to compel the appellee, controller of the city of Lebanon, to certify on a contract for furnishing electric light to the city the appropriation against which the expenditures under the contract are to be charged, and to counter-

sign two warrants drawn for light furnished under it. Judgment was entered for the respondent on the demurrer to his return and the petition was dismissed. There are, therefore, no facts in dispute.

The city of Lebanon is a city of the third class, and the duties which the appellant insists its controller owes to it, and which he should be compelled to perform, are defined in sections 4 and 5 of article IX of the Act of May 23, 1889, P. L. 277. By the fourth section it is the duty of the controller to countersign all warrants upon the city treasurer, the form whereof shall be prescribed by councils, and he shall not suffer any appropriation made by the city councils to be overdrawn. The fifth section provides : " Every contract involving an appropriation of money shall designate the item of appropriation on which it is founded, and the estimated amount of the expenditure thereunder shall be charged against such item and so certified by the controller on the contract before it shall take effect as a contract, and the payments required by such contract shall be made from the fund appropriated therefor. If the controller shall certify any contract in excess of the appropriation made therefor, the city shall not be liable for such excess, but the controller and his sureties shall be liable for the same; which may be recovered in an action at law by the contracting party aggrieved. It shall be the duty of the controller to certify contracts for the payment of which sufficient appropriations have been made."

The contract of the appellant for furnishing light to the city of Lebanon was entered into on June 15, 1903, and was for lighting the streets with electricity from January 1, 1905, to December 31, 1914. In his return the controller avers " that no appropriation has ever been made either by resolution or ordinance of the councils of the city of Lebanon, Pa., for the payment of any moneys due or alleged to have become due to the relator, under its alleged contract with the city of Lebanon dated June 15th, 1903." Under the pleadings it must, therefore, be taken as an admitted fact that at the time the contract of June 15, 1903, was entered into there was no item in any appropriation of money by the city councils that could have been designated as the one on which the contract was founded ; and yet the mandatory words of the act

are that there shall be such a designation in the contract; that the estimated amount of the expenditure under the contract shall be charged against such item; that the controller shall so certify on the contract before it shall take effect, and that the payments required by such contract shall be made from the fund appropriated therefor. The meaning of the words of the fifth section is unmistakable and the legislation is wise. Even if it were not, it is the law. " One of the evils of municipal government in the past, was the practice of entering into contracts involving large expenditure of the city revenue, without a prior estimate of the cost, or a prior setting aside of the amount necessary to meet such cost, with the result that, after the expenditure was authorized by the execution of a contract and the contract was fulfilled, the municipality was left in financial straits because the cost of the work contracted for had not been counted before it was completed. This, undoubtedly, was one of the mischiefs to be remedied by the law which requires the controller to certify contracts for the payment of which sufficient appropriations have been made, and forbids him, upon the penalty of making himself and his sureties personally liable for the excess, to certify a contract which will involve an expenditure in excess of the appropriation upon which it is founded. And, in order to prevent the controller from evading his plain duty by a merely formal certificate, he is required to certify upon the contract the essential facts, namely, the estimated amount of the expenditure thereunder chargeable against the item of appropriation on which it is founded:" Harrisburg v. Shepler, 7 Pa. Superior Ct. 491.

A prior appropriation by a city of the third class is essential to every contract entered into by it in which " the appropriation of money" is involved. Such was the contract of the appellant with the city of Lebanon. Without an appropriation for the contract it had nothing to rest upon—no foundation—for the words of the act are that such contract " shall designate the item of appropriation on which it is founded," and the duty of a controller, which the appellant seeks to have this appellee perform, is " to certify contracts for the payment of which sufficient appropriations have been made." Not only was there no sufficient appropriation made for this contract at the date

of its execution, but there was no appropriation at all, and it would be judicial defiance of statutory words, as clear as the legislature could have made them, to compel the appellee to countersign warrants drawn in payment of moneys alleged to be due on contract for expenditure under which there never was any appropriation.

True, the contract provides that " the monthly payments to be made on this contract during the term thereof and according to the conditions thereof shall be charged against the item of appropriation for lighting the streets of the city of Lebanon, and the payments required as aforesaid shall be made from time to time from the fund appropriated for that purpose." But there was no such an appropriation at that time, as appears from the respondent's answer, admitted by the appellant to be true. There was an ordinance passed by the city of Lebanon on April 4, 1904, nearly ten months after the contract was entered into, making an appropriation for the fiscal year ending March 31, 1905, in which there was an item appropriating $12,500 for the lighting of streets. This was not an appropriation for the electric lighting, or for the payment of any sums due, or alleged to be due, under the contract of June 15, 1903, but was for the general lighting of the city, which included that furnished by gas and oil.. But we need not consider this appropriation of 1904, for, as the court below properly held, an appropriation before the execution of the contract was a prerequisite to its valid existence. No other interpretation can be put upon the words of the statute.

Judgment affirmed.