# Dalmas, Appellant, v. Philipsburg & Susquehanna Valley Railroad Company.

*Corporations—Railroad companies—Merger—Obligation of old corporation—Enforcement—Demurrer—Allegations of fact.*

1. The obligations of a railroad company which has been merged with another company under the Acts of March 24, 1865, P. L. 49,

Section 4, May 29, 1901, P. L. 349, and March 31, 1905, P. L. 95, relating to the merger of corporations, became the obligations of the consolidated company and a suit to enforce such obligations must be brought against the consolidated company.

2. In a suit in equity to compel a railroad company to deliver to plaintiff certain bonds, it appeared from the bill that defendant company had been merged with another railroad corporation and there was no evidence that subsequent to the merger the defendant had performed any corporate function whatever. The defendants demurred to the bill on the ground that it was not a proper party defendant. *Held,* the lower court properly sustained the demurrer and dismissed the bill.

3. Where a bill in equity alleges that plaintiff was advised as to certain facts, a demurrer to the bill does not admit the existence of such facts but only admits that plaintiff was advised as to the existence thereof.

Argued April 18, 1916. Appeal, No. 33, Jan. T., 1916, by plaintiff, from decree of C. P. Clearfield Co., Sept. T., 1913, No. 3, in equity, dismissing bill in equity for specific performance, in case of Louis Dalmas v. Philipsburg & Susquehanna Valley Railroad Company, and First Mortgage Guarantee & Trust Company of Philadelphia. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and WALLING, JJ. Affirmed.

Bill in equity for specific performance.

The facts appear in the following opinion of WHITEHEAD, P. J., sur defendant's demurrer to the bill.

This case has been argued by counsel for plaintiff and defendant as though the demurrer had been filed after the filing of the amended bill, and will therefore be disposed of by the court upon this theory.

The bill alleges that by virtue of a certain paper called a temporary certificate, bearing date May 25, 1910, the plaintiff was entitled to receive $7,500.00 par value of the first mortgage 5 per cent. gold bonds of the Philipsburg & Susquehanna Valley Railroad Company, properly certified and authenticated, out of the issue secured by a mortgage dated May 1, 1910, which mortgage is described

in paragraph 8 of said bill; that the defendants had, in pursuance of said certificate, issued to the plaintiff bonds as therein stated of the value of $3,000.00, and that demand has been made by the plaintiff upon the defendants for the balance of said bonds, viz, of the par value of $4,500.00, but that the said defendants did not deliver said bonds, and refuse to deliver same or any part thereof to the plaintiff.

The plaintiff prays for specific compliance with the terms of said temporary certificate, and the protection and benefit of the mortgage of May 1, 1910.

The defendants demur to the bill and assign the following reasons therefor:

"First. Under the averments contained in the bill of complaint, the Philipsburg & Susquehanna Valley Railroad Company is not a proper party defendant in this proceeding.

"Second. The paper attached to the bill of complaint marked Exhibit 'A,' does not disclose any liability on the part of the defendants or either of them, cognizable in a court of equity.

"Third. Under the averments set forth in the bill of complaint, the plaintiff has a full, adequate and complete remedy at law.

"Fourth. The bill of complaint discloses that the plaintiff has been guilty of laches, and therefore is not entitled to the relief prayed for."

Rule 32 of Equity Practice requires that demurrers shall state the particulars and assign the reason or grounds in detail.

The first reason given by defendant fails to comply with this rule. The mere statement that under the averments contained in the bill the Philipsburg & Susquehanna Valley Railroad Company is not a proper party, gives no particulars or grounds in detail.

We believe, however, that it is only fair to all parties that this question be disposed of upon the demurrer.

After reciting the incorporation of the defendant com-

pany, the bill alleges that on January 13, 1911, it was merged with the Pittsburgh & Susquehanna Railroad Company, under the name of the Pittsburgh & Susquehanna Railroad Company.

This allegation raises the question of whether or not, because of this merger, this action can be maintained against the present defendant.

The proceedings in this case were commenced on June 12, 1913, or about eighteen months after said merger.

Under the Act of May 3, 1854, P. L. 537, in order to release one of the constituent companies forming a merger from a right of action against it upon its contracts, it seems that it was necessary for the new company to assume the liabilities of such constituent company; especially if this action had been commenced before the consolidation. See Baltimore & Susquehanna R. R. Co. v. Musselman, 2 Grant (Pa.) 348.

In that case the court say in referring to liabilities of a constituent company (p. 352) :

"The law says that the liabilities shall continue, or be assumed by the consolidated company. If they are assumed, then the new company must attend to the suit, and answer the judgment, for that was one of the liabilities by which this corporation was bound......But, without any such provision as the above, in the law authorizing the consolidation, a court of justice would not consider a mere voluntary union of several corporations into one, as equivalent to the death of either of them; or attribute to the law-making power an intention of enabling them to discharge their liabilities in such a summary way."

Contra: If the law authorizing consolidation provides as one of the conditions of consolidation, that the new company, by virtue of the merger assumes the obligations and liabilities of the constituent companies, then so far as an action to recover on said liabilities is concerned, the old company is dead.

The Act of March 24, 1865, P. L. 49, Section 4, says

(after providing for the consummation of consolidation) :

"Provided, That all rights of creditors, and all liens upon the property of either of said corporations, shall be preserved unimpaired, and the respective corporations may be deemed to continue in existence, to preserve the same; and all debts, liabilities and duties of either of said companies shall thenceforth attach to said new corporation, and be enforced against it, to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

This same language is used in the Act of May 22, 1901, P. L. 349. Also in the Act of March 31, 1905, P. L. 95. Also in Act of May 5, 1909, P. L. 408.

In all these acts the assumption of the liabilities of the constituent companies, by the new company, is one of the conditions of merger, therefore the establishment of the merger established the fact of the assumption of the liabilities of the constituent companies by the new company, in the same way as though said liabilities had been contracted originally by said new company.

Section 3 of the Act of March 24, 1865, supra, provides—

"The several corporations, parties thereto, shall be deemed and taken to be one corporation, by the name provided in said agreement and act."

The proviso in Section 4, That all rights of creditors and all liens upon the property of either of said corporations, shall be preserved unimpaired, and the respective corporations may be deemed to continue in existence to preserve same, taken in connection with the balance of said provision, and with Section 3, supra, should be construed to mean that, so far as the rights and liens are concerned, the property of the constituent companies should remain liable, but to enforce such right or lien the action should be brought against the new company, which, by virtue of the merger, is the only live organization.

Under the decision of Baltimore & Susquehanna R. R. Co. v. Musselman, supra, it would seem that the defendant in the case at bar, so far as the liability for this action is concerned, ceased to exist prior to the bringing of the action, and that the action should have been brought against the new company.

The liabilities of the defendant company still remain, but by virtue of the merger aforesaid they attach to the new corporation and must be enforced against it in its proper name.

The act says that debts, duties and liabilities shall thenceforth attach to the said new corporation and be enforced against it to the same extent as if said debts, duties and liabilities had been incurred or contracted by it.

In the case of Houston, et al., v. Jefferson College & Washington & Jefferson College, 63 Pa. 428, the court hold that Jefferson College, having been consolidated with Washington College, under an act of assembly of the State of Pennsylvania, it ceased to exist and could not maintain a bill in its own name, as there was no board of directors of the college, and it had no right to sue under that name.

It would seem to follow that if the action could not be brought by a constituent company under its old name, because it ceased to exist, that an action could not be brought against it for the same reason, and because there would be no person to act for said company.

In Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, the court, by Lowrie, C. J., on page 45, say:

"By such an act the Lebanon company loses its actual identity, abandons its name, and therefore its legal identity and its corporate existence, and can no longer claim any legal recognition. This is called a merger of the Lebanon corporation into the other; but such a merger is a dissolution, destroying the actual identity of both, while the legal identity of one of them is preserved. As

where a life estate is merged in a fee simple, one being destroyed and the other enlarged by the operation."

"It is exclusively the province of the legislature to determine and declare upon what conditions two or more corporations, created under its authority, may merge or consolidate. That body having, in the Act of 1901, described in detail the several conditions upon the happening of which 'the said merger shall be deemed to have taken place, and the said corporations to be one corporation,' the addition of other and different conditions by a court would be a rank usurpation of legislative power": Keller v. Riverton Consolidated Water Co., 34 Pa. Superior Ct. 301, 304-305.

Counsel for plaintiff rely, so far as this question is concerned, upon the case of Punxsutawney Borough v. Phillips Gas & Oil Company, 238 Pa. 23.

The facts in that case are entirely different from the facts in the case at bar, and it does not touch upon the question before us.

In that case, however, the court, in construing Section 3 of the Act of May 29, 1901, P. L. 349, which language is almost exactly the same as the language used in the other acts relating to merger to which I have referred, say (p. 34):

"The weight of the authorities seems to be that when the act of consolidation gives to the consolidated company the rights and privileges of the constituent companies, or makes the consolidated company subject to the obligations of the constituent companies, the rights and obligations are not extended by the act to all of the property of the consolidated company, but only apply severally to the property of each constituent company taken over by the consolidated company."

When two or more corporations merge, the presumpiton is that all of the property of each constituent company is transferred to and becomes the property of the new company, and that from the time of the completion of said merger the constituent companies cease to exist

so far as the terms of the act of assembly, under which said merger is effected, preserve their existence; and in order to overcome this presumption there must be a saving clause in the merger proceedings.  No such saving clause appears in this bill.

In the case at bar it is presumed that the consolidated company took over all the rights and all the property of the constituent companies and became liable for all their obligations.

If a contract with a corporation is to be performed in the future, the contingency of existence must be regarded as having been in view at the time the contract was entered into.

If, as is stated in Houston, et al., v. Jefferson College & Washington & Jefferson College, 63 Pa. 428, and in Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, the constituent companies which go to make up a new company, by merger, have no legal identity or corporate existence, no action can be maintained against such constituent company after the merger, as there is no party upon whom papers could be served.

In the fourth paragraph of the bill it is alleged, "but your orator is advised by counsel, and therefore states that the corporate existence of the former corporation continues unimpaired and in full force as to him."

A demurrer admits the fact alleged in the bill to be true, and, therefore, it is argued by counsel for plaintiff that it is admitted by the defendant that the corporate existence of the defendant is unimpaired and in full force as to the plaintiff.

This conclusion we hardly think is warranted, as the allegation is only that the plaintiff is advised by his counsel that the corporate existence of the former corporation continues, and upon this advice he states that the corporation continues.

It is undoubtedly true that plaintiff was so advised, but this would not establish as a fact what did not exist.

There is no allegation in the bill that from the time of

the merger of the defendant company it elected any officers or directors, or that it performed any act whatever showing its continued existence.

We, therefore, hold that the action in this case cannot be maintained against the present defendant.

In order, however, that all questions raised by this demurrer may be decided, we will proceed to determine the other questions.

Taking the allegation in paragraph 10, together with the other allegations in the bill, the temporary certificate and the admissions of the defendant that the said allegations are true, we cannot agree with the defendants as to their second, third and fourth reasons, and therefore if it were not for the failure to bring this action against the right party, we would overrule the demurrer and direct the defendants to file their answer.

The court sustained the demurrer and dismissed the bill. Plaintiff appealed.

*Error assigned* was the decree of the court.

*A. M. Liveright,* with him *David L. Krebs, Jr.,* for appellant.

*John G. Frazer,* with him *J. Hector McNeal, Cole & Hartswick* and *Reed, Smith, Shaw & Beal,* for appellees.

PER CURIAM, May 15, 1916:
This decree is affirmed on the opinion of the learned president judge of the court below sustaining the demurrer to plaintiff's bill.