# Jones et al., Appellants, *v.* Wyomissing Club et al.

*Equity—Real estate—Building restrictions—Parol agreements—Notice to successors in title—Demurrer.*

A bill in equity which alleged that defendants were violating a parol building restriction entered into between certain remote predecessors in title of plaintiffs and defendants respectively was demurrable, where the bill did not aver that defendants or any of their predecessors in title, except the one who made the agreement, had notice thereof.

Argued March 4, 1918. Appeal, No. 136, Jan. T., 1917, by plaintiffs, from decree of C. P. Berks Co., Equity Docket, 1917, No. 1188, sustaining demurrer and dismissing bill in equity for an injunction in case of Margaret E. McCarty Jones and Richmond L. Jones, her husband, v. The Wyomissing Club, Owner, and Andrew J. Fink, Contractor. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction.

ENDLICH, P. J., filed the following opinion sur defendants' demurrer to the bill.

Mrs. Jones, the principal plaintiff, and the Wyomissing Club, the principal defendant, are the owners of adjoining properties in the City of Reading fronting on Fifth street, the plaintiff deriving title through successive holders from one Sallade, and the defendant similarly from one Dunn. On plaintiffs' property there is a house (plaintiffs' residence), and on defendant's property there was one until recently, when it was demolished to make room for a new building.

The purpose of this action is to inhibit the defendant, in the erection of the new structure, from building three and one-half feet west of a certain line which, it is stated in the bill as now amended in the fourth paragraph, was in 1848 agreed upon as a building line by the then owners

of the respective properties and subsequently by Sallade when he became the owner of and built upon plaintiffs' property, the former also constructing the north wall of his house (the side towards plaintiffs' property) as a party wall, which, however, is not alleged to have been utilized by Sallade.

Defendant has demurred to the bill, specifying a number of grounds, of which, since the amendment of the bill, the significant ones are the seventh and eighth, to the effect that the bill avers neither the appearance of any such agreement and restriction in the title of the property to be affected thereby, nor any notice of the same to defendant or any of its predecessors in title under Dunn.

The portions of the bill, as amended, which are important for present purposes, are as follows:

"4. That on or about August 30, 1848, James L. Dunn, Esq., erected the building on the corner of Fifth and Walnut streets, which the defendant club building is now succeeding. He and the then owner of the adjoining property fronting on Fifth street, now owned by the plaintiffs, made an agreement whereby they established a line twenty feet east of the street line for the location of all future buildings to be erected upon these premises. Pursuant thereto the said James L. Dunn erected a building twenty feet back from the street line, and erected a party wall between him and the adjoining owner, the western end of which was twenty feet back from the Fifth street line. That subsequently, to wit, on or about April 1, 1850, Andrew M. Sallade, Esq., who succeeded to the title of the premises now owned by the plaintiffs, pursuant to and in compliance with the said agreement, built upon the line established as aforesaid, observing the said building line and restriction for the purpose of mutually increasing the value and comfortable enjoyment of their respective premises; each party observing and confirming the servitude or easement established by agreement as aforesaid in favor of the estate of the other, for their mutual advantage and benefit.

"5. That notwithstanding the restriction and servitude thus imposed upon the lot of the defendants, they have commenced the erection of a building on said Fifth street to extend three and one-half feet west of said covenant building line (being the line of plaintiffs' residence), established by the predecessors in title of the parties to this action more than sixty years ago and maintained continuously and uninterruptedly in good faith and mutual understanding ever since.

"6. That the said plaintiffs and the prior owners of 209 North Fifth street have enjoyed, since said buildings were erected, an open area and unobstructed space in front of said buildings to the west, with the attendant comforts of light and air; and the owners of the property north of the Dunn property, in subsequently building, followed the covenant line thus established for future buildings, as appears by the marks upon the ground, covering the seven buildings now thereon erected."

In a bill in equity, every fact essential to the right to the relief prayed for must be averred: Thompson's App., 126 Pa. 367; P. S. V. R. R. Co. v. P. & R. R. R. Co., 160 Pa. 277; Finletter v. Appleton, 195 Pa. 349; Luther v. Luther, 216 Pa. 1; Rittenhouse v. Newhard, 232 Pa. 433; Spangler Brewing Co. v. McHenry, 242 Pa. 522; and a demurrer admits only what is adequately stated in the bill, not conclusions of law or argumentative or doubtful inferences from facts detailed: Com. v. Allegheny Com'rs, 37 Pa. 277, 279; Getty v. Pa. Inst. for Blind, 194 Pa. 571, 575; Bussier v. Weekly, 4 Pa. Superior Ct. 69, 72. A right of the kind here asserted over another's land must, save in exceptional conditions not found in this case, rest upon express agreement: Rennyson's App., 94 Pa. 147, 153, (and see Haverstick v. Sipe, 33 Pa. 368), which, in order to avail against succeeding owners, must clearly and positively appear to have been intended, not only to bind the immediate parties to it, but permanently to control the situation: Hubbell v. Warren, 8 Allen (Mass.) 173, 178. Nor is it or can it be disputed, or re-

quired to be demonstrated by the citation of authorities, that subsequent purchasers cannot be affected by such agreement unless they have notice, actual or constructive, of the restriction created thereby. And that notice must have reached every one in the line of the title of the party against whom the right is asserted; for if any one purchased without notice, that party, though himself visited with notice, is protected by the equity of the unnotified purchaser: Filby v. Miller, 25 Pa. 264. Of course, the fact of notice is one which is bound to appear affirmatively on the face of the bill: Finletter v. Appleton, 195 Pa. 349, 353; Gilkeson v. Thompson, 210 Pa. 355, 358-9, either by express and formal averment or by deduction from facts explicitly stated which admit of no other conclusions, so that from them the inference of notice must necessarily follow: Ibid.

There seems to be in this bill no express averment of notice of the alleged agreement or restriction to defendant or any of its predecessors in title under Dunn,— nothing to suggest such notice beyond what may be argued to have been conveyed to them by the facts that the houses already spoken of and several others occupying the remainder of the original tract north of the Dunn property stood a uniform distance back of the city building line and that the first one was built with a party wall on the north side. Neither of these circumstances, however, can be regarded as conclusive in the sense above pointed out. It is virtually decided by Judge KING in Scott v. Burton, 2 Ashm. 312, 329-30, that the mere location of the houses is not ordinarily notice to a purchaser of any restrictive agreement such as is here contended for; and the same doctrine may fairly be gathered from Haverstock v. Sipe, 33 Pa. 368, 371; Keats v. Hugo, 115 Mass. 204. As ordinarily, so in the present instance, that location, so far as regards anything to be indicated by it, may have been a mere matter of neighborly accommodation, of personal convenience, of individual taste, without any contractual basis or possibly of an agree-

ment intended to hold only the immediate parties to it.
On the other hand, the existence of the party wall, apparently unused by the adjoiner, affords no reason for believing that the latter might not build out further,—no more than for treating it as evidencing an agreement not to build higher.   The object in putting it up may well have been simply to serve the then present convenience of the first builder, and perhaps the supposed future convenience of the adjoiner as far as the wall went. Besides, its erection being the act of one party, not followed by any act of the other making it his also, it can hardly be deemed evidence or notice of an agreement between them.   To both of the matters in question, the rule appears applicable that a fact or facts equally consistent with two contrary inferences cannot be accepted as the sole basis for either: Breuckmann v. Twibill, 89 Pa. 58, 59; Mead v. Conroe, 113 Pa. 220, 228; Alexander v. Penna. Water Co., 201 Pa. 252, 256.   If the facts averred clearly involved the inference of notice of a restrictive agreement designed to be perpetual, there would be no need for an express allegation of such notice.   But in view of their inconclusiveness, the allegation is essential to the completeness of the bill, and it lacks ground for demurrer under the authorities above cited.

No doubt the averments of this bill state the plaintiffs' case as strongly for her side as it can be stated.   It can only be adjudged that, in the particulars discussed, it falls short of what is needful to warrant a decree granting the relief prayed.   Hence there is no alternative but to consider the demurrer in those particulars to be good.

The defendants demurred to the bill.

The court sustained the demurrer and dismissed the bill.   Plaintiffs appealed.

*Error assigned* was the decree of the court.

*J. Milton Miller,* with him *C. H. Ruhl,* for appellants.

*Snyder, Zieber & Snyder,* for appellees, were not heard.

PER CURIAM, April 22, 1918:

The agreement upon which the appellants base their right to an injunction was in parol, and there is no express averment in their bill that the Wyomissing Club, or any of its predecessors in title under Dunn, had notice of it. The demurrer was, therefore, properly sustained and the decree dismissing the bill is affirmed, at appellants' costs.