## Hamilton v. Johnson, Appellant.

*Election law—Primary elections—Petition of electors—Filing of petition — Time—Delay—Amendment—Secretary of Commonwealth — Ministerial capacity — Mandamus — Acts July 12, 1913, P. L. 719; May 18, 1917, P. L. 244, and April 29, 1925, P. L. 361 —State senator—Statutes, mandatory and directory.*

1. Under the Act of April 29, 1925, P. L. 361, amending the Acts of July 12, 1913, P. L. 719, and May 18, 1917, P. L. 244, relating to the nomination for the office of state senator, in determining whether a sufficient number of qualified electors have complied with the statutes and furnished the information made necessary, the secretary of the Commonwealth acts only in a ministerial capacity.

2. In such case, it is neither the secretary's province, nor privilege, to determine whether the statements are true and the signer qualified to act as a nominator. His duty is limited to a consideration of the sufficiency in number of electors who have joined in the petition in the manner required by the act.

3. Under the act, the secretary is prohibited from counting any signatures unless the petition bears date within forty days of the last day from filing it.

4. If a candidate sees fit to delay filing his petition until the last moment, he cannot complain of lack of time to rectify mistakes which are found.

5. Under section 8 of the Act of July 12, 1913, P. L. 719, a period of five days after filing the petition is allowed, not to the candidate, but to other parties in interest, to apply for corrections of errors.

6. If the secretary of state properly refuses to file a petition because it contains less than the required number of signatures of electors bearing date within the forty days of the last day for filing the petition, the secretary cannot be compelled by mandamus to file it, nor can the court permit an amendment by supplying omitted dates of signatures and then by mandamus compel the secretary to file the petition.

7. Where an Act of Assembly to be executed is an integral part of a general system and the time prescribed for the performance is essential for the proper carrying out of the whole system, then the provision as to time should be held to be mandatory, and not merely directory.

8. Unless there is a failure of an official on his part to do some act which he is legally required to perform, mandamus will not lie.

9. There is no power in the courts to create a duty not found in the Acts of Assembly, and then compel compliance with the obligation thus imposed.

Argued April 9, 1928.  Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 14, May T., 1928, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket 1928, No. 99, awarding mandamus, in case of William Hamilton v. Charles Johnson, secretary of the Commonwealth. Reversed.

Petition for mandamus. Before Wickersham, J.
The opinion of the Supreme Court states the facts.
Mandamus awarded. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Wm. A. Schnader,* Special Deputy Attorney General, with him *Leon D. Metzger,* Deputy Attorney General, and *Thos. J. Baldrige,* Attorney General, for appellant.

—The secretary of the Commonwealth does not have any authority to receive and file a nomination petition after the statutory period for filling it has passed: Hulings v. Woods, 45 Pa. C. C. R. 566; Twibill v. Woods, 20 Dauphin Co. R. 266.

Unless it was the duty of the secretary of the Commonwealth to receive and file plaintiff's nomination petition, after the statutory period had passed, he cannot be compelled by mandamus to receive and file it: Heffner v. Com. ex rel., 28 Pa. 108; Smith v. Com., 41 Pa. 335; Com. v. James, 214 Pa. 319; Com. v. Kessler, 222 Pa. 32; Com. v. Baker, 212 Pa. 230; Com. v. Jones, 283 Pa. 582; Davis v. Patterson, 12 Pa. Superior Ct. 479; Johnson v. State Board, 46 Pa. Superior Ct. 279; Brownsville v. Loague, 129 U. S. 493.

The court below had no jurisdiction to consider the question whether plaintiff's nomination petitions might be amended.

*Sterling G. McNees,* for appellee.

Opinion by Mr. Justice Sadler, April 16, 1928:

William Hamilton, relator in this proceeding, mailed to the secretary of the Commonwealth petitions of electors, asking that his name be placed on the primary ballot for Erie County as a candidate for senator. They were received on March 5, 1928, the last day allowed by law for filing. An examination by the proper officers disclosed that less than two hundred persons had signed their names and also set forth the election districts in which they respectively resided, and the date on which their signatures were affixed. Without including these electors in the computation there was not a sufficient number to authorize the filing of the nomination papers, and notice of the refusal to accept the same was promptly given. Within five days the Dauphin County Court was asked to issue a writ of mandamus to compel the reception of the petitions, and, following a hearing

of the parties, it directed that, after necessary amendments were made, the secretary of the Commonwealth should file and certify the name of the candidate to the county commissioners for printing upon the primary ballot. From the decree entered, this appeal was taken.

The Primary Act of July 12, 1913, P. L. 719 (amended May 18, 1917, P. L. 244, and April 29, 1925, P. L. 361), provided in section 7 that nominating petitions for the office of state senator should be signed by at least 200 qualified electors. The Act of 1917, modifying section 6, declared that the persons so affixing their names should add their "occupation and residence, giving city, borough, or township, with street and number, if any, and shall also add the date of signing," and directed that "no signature shall be counted unless it bears date within 40 days of the last day for filing the same." When the petitions now involved were presented it was apparent that the designation of the signers' election district had not in certain instances been appended, though the fact that they were qualified electors was shown by the general introductory clause. Whether this constituted a sufficient compliance with the statute was not argued before us, and need not be considered. The present controversy arises from the failure of 43 to add the date of signing to their names. If they were properly excluded for this reason by the secretary in determining the number qualified to ask for the certification of the candidate, and the defect is not amendable, then the decree awarding a mandamus was erroneous.

By the legislation already referred to, the requirements of the petition have been definitely fixed. In determining whether a sufficient number of qualified electors have complied with the statutes and furnished the information made necessary, the secretary of the Commonwealth acts only in a ministerial capacity. It is neither his province, nor privilege, to determine whether the statements made are true and the signer qualified

to act as a nominator. His duty is limited to a consideration of the sufficiency in number of electors who have joined in the petition in the manner required by the act. He is expressly prohibited from counting any signature "unless it bears date within forty 40 days of the last day for filing the same." The present petitions were defective in this respect as to 43 names. Excluding these, a sufficient number of signers did not appear, and the papers presented were therefore properly rejected. The learned court below found "the secretary of the Commonwealth was justified in refusing to receive and file plaintiff's petitions."

If the officer was not bound to accept and certify, can he now be compelled to do so by the court if the apparent defects are cured by amendment? "Mandamus goes out only where there is a clear legal right in the relator and a corresponding duty upon the defendant": Com. v. Kessler, 222 Pa. 32. "One who sues for the writ of mandamus must have some well defined legal right to enforce": Com. v. Jones, 283 Pa. 582. Specific duties are imposed in cases such as this upon the Commonwealth's officer, and these were fully obeyed when he ascertained the number of signers who had joined in the petition in the manner fixed by the statute, and, finding less than 200 who had complied with its directions, refused to file. Unless there was a failure on his part to do some act which he is legally required to perform, and there was none shown in this case, mandamus will not lie. There is no power in the courts to create a duty not found in the Acts of Assembly, and then compel compliance with the obligation thus imposed.

The correctness of this conclusion is not seriously disputed by the relator, but it is contended that statutory provision has been made for relief such as here demanded by section 8 of the Primary Act of 1913, and it was upon this theory that the decree appealed from was entered. Therein it was provided that within five days after a nominating petition *"has been filed"* an appli-

cation may be made to set it aside, whereupon the court is required to hold a hearing after due notice is given the candidate. It is further directed that in such case the petition should not be set aside, except for "(a) Material error or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or (b) Material alterations made after signing, without the consent of the signer; or (c) Want of a sufficient number of genuine signatures of persons qualified, with respect to age, sex, residence, and citizenship, to be electors." It also allowed the court in its discretion to permit mistakes of the class designated in paragraph (a) to be amended.

Basing its authority upon the powers granted by section 8, the court in the present case heard testimony to determine whether the date of signing by all of the electors was within forty days. Having so concluded, it permitted in its final order the correction of the petitions to accord with the facts disclosed, and directed that thereafter the secretary of the Commonwealth should receive the petitions and certify the nomination. Whether the errors here found were amendable in a proper case as defects apparent upon the face of the paper as contemplated by clause (a), or were mistakes coming within clause (c), in not having "the proper genuine signatures of persons qualified," and not amendable under the act, need not be considered as we view the present record, for it is clear section 8 was intended to apply only to petitions which had been filed, and those of relator had correctly been refused.

To carry out the plan and object of the Primary Act it was necessary that definite periods be fixed for the completion in an orderly way of the various steps, beginning with the preparation of nominating petitions and ending with the printing of the name upon the ballot. As was said by the present chief justice, while presiding in the court below, in passing upon the Primary Act of 1906 (Com. v. County Commrs., 16 Pa.

Dist. R. 341, 343) : "Provisions in statutes regulating the duties of public officers and specifying the time for their performance have been construed as directory rather than as mandatory on many occasions where the nature of the thing to be done or the phraseology of the statute did not show the evident intent to be otherwise; but where the act to be executed is an integral part of a general system wherein the time prescribed for its performance is essential for the proper carrying out of the whole system, then the provision as to time should be held to be mandatory and not merely directory."

The candidate is allowed forty days in which to prepare and present his petitions. Ample time is thus given so that the proper filing officers may examine and determine their sufficiency, and opportunity be furnished to correct defects discovered before the last day fixed for the receipt of such papers. If the candidate sees fit to delay until the last moment, he cannot complain of lack of time to rectify mistakes which are found. Of course, if there is a refusal to accept a petition in proper form, his right to relief by mandamus would exist, for in such case the secretary of the Commonwealth would fail to perform a legal duty in refusing to file, but that is not the situation here disclosed.

After the petition "has been filed" then the act contemplates the possibility of objection within five days by others who may be interested, and permits application to the common pleas by such persons. So that the candidate may be protected against errors and defects apparent on the face of the record which might have been found by the secretary, who has permitted a filing, and thus led the one in interest to the belief in the regularity of his petition, an amendment may be allowed. But this provision of section 8, for further examination, was not to be called into play by the candidate, as is apparent from the fact that he is to be brought in as a party to such proceeding, upon whom notice must be served, but by an objector. No hardship is worked upon

the one seeking nomination by the plan devised, as he is given forty days before the last day fixed for filing in which to prepare his petition and have determined by the proper official whether it can be accepted. If so, the nomination will be certified unless there be objection. Even then, the court may conserve the interests of the one who has relied upon the previous acceptance by allowing amendments of material errors and defects apparent upon the face, and which should have been earlier discovered. A limit of time, as to both filing and disposition of subsequent complaints by others, must be fixed, if a certification is to be made, with a sufficient period remaining for the printing of the ballots.

The record in this case shows that the secretary of the Commonwealth properly refused to file the petition presented. Not having failed in the performance of any duty, the writ of mandamus cannot issue. Section 8 of the Primary Act gave no right to the relator, on his own motion, to have his papers amended and corrected after the time fixed for filing, nor was the court justified in directing that the petitions be received and certified when amendments were made so as to make them accord with the statutory requirements.

The mandamus in this case is set aside, the judgment is reversed, and judgment is here entered for defendant at the costs of the appellee.