D. N. Corporation *v.* Roudabush, Director of
Public Safety, Appellant.

Argued October 7, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*T. K. Saylor,* City Solicitor, with him *Phillip N. Shet-
tig, Francis A. Dunn* and *Friedjoff D. Tappert,* for ap-
pellant.—Appellant, as a member of the city council, has
discretionary powers and the signing of the contract is
not a purely ministerial act: Runkle v. Com., 97 Pa. 328;

Com. v. Phila., 176 Pa. 588; Com. v. Schmidt, 287 Pa. 150.

Plaintiff has no clear legal right which he may enforce by mandamus: Com. v. Fitler, 136 Pa. 129; Homan v. Mackey, 295 Pa. 82; Com. v. Schmidt, 287 Pa. 150; Hamilton v. Johnson, 293 Pa. 136.

Appellee's bid was fraudulent, misleading and not in compliance with the plans and specifications. The city cannot waive the requirements of the specifications: Pearlman v. Pittsburgh, 304 Pa. 24.

*Frank P. Barnhart*, with him *Samuel DiFrancesco*, for appellee.—The duty of the director of public safety to sign the contract is a ministerial and mandatory one, enforceable by mandamus: Howard v. Olyphant, 181 Pa. 191; Western Union v. Phila., 2 Pa. D. & C. 55; Chelten Trust Co. v. Blankenburg, 241 Pa. 394; Vare v. Walton, 236 Pa. 467.

Defendant has no standing to question the validity of the contract made by council: Chelten Trust Co. v. Blankenburg, 241 Pa. 394; Vare v. Walton, 236 Pa. 467; Com. v. Walton, 236 Pa. 220.

The provisions of the contract may be waived: Front Drive Motor Co. v. Pittsburgh, 63 Pitts. L. J. 409; Guthrie v. Armstrong, 78 Pitts. L. J. 677.

The award is binding on the city, even though the contract has not yet been signed by the director: Campbell v. Phila., 10 W. N. C. 221; Dunlap v. Erie Water Comrs., 151 Pa. 477.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

By this mandamus proceeding the D. N. Corporation seeks to compel Galvan B. Roudabush, director of the department of public safety of the City of Johnstown, to sign, in the city's behalf, a contract for a garbage incinerator which had been awarded to plaintiff by a majority

vote of council. The court below allowed the mandamus and Roudabush appeals.

The issue was raised by the respondent's filing a return to the alternative writ to which the plaintiff demurred. The court gave judgment for the plaintiff on the demurrer.

City council, on December 3, 1931, passed an ordinance instructing the director of public safety to have the city engineer prepare plans and specifications for the construction of a garbage incinerator, to advertise for bids, submit them to council, and, upon the acceptance of one of them by council, to enter into a contract with the successful bidder for the construction of the plant. Pursuant to this authority, the then director of public safety had the city engineer prepare the plans and specifications, advertised for bids and submitted them to council on December 22, 1931. Council, by a vote of three to two, awarded the contract to the plaintiff on its proposal to construct the plant for $37,950. The contract and bonds were approved as to form and legality by the city solicitor and were executed by the plaintiff and its surety on December 31, 1931. On January 4, 1932, new members of city council were inducted and it was reorganized. The new council was about to take steps to formally rescind the action in awarding the contract, but was prevented from so doing by an injunction issued out of the court below at the instance of plaintiff in another proceeding.

In the return by the defendant to the writ of alternative mandamus, to which return the plaintiff demurred, the following averments appear: That the plaintiff failed to submit a bid pursuant to the proposal and submitted one not responsive thereto; that the mayor and city council in making the award on the plaintiff's bid were induced to do so by representations contained therein, whereby the mayor and members of council were misled; that the contract bond required by the specifications to be acceptable to and approved by the council

of the City of Johnstown had not been so approved, and that such approval was a condition precedent to the authority of the director of public safety to execute the contract on the part of the city; that the plaintiff failed to furnish, as provided in the specifications, a list giving the capacity, location and date of installation of at least five municipal installations of furnaces similar in design and capacity and made by the same manufacturer, but with the intention of leading the city council to believe that it had complied with the specifications, filed a list of plants which were not similar to the plant described in plaintiff's bid; that the plaintiff did not have in successful operation a plant similar to the one to be installed; that the plaintiff's bid was in fact based upon a furnace guaranteed to consume 69.66 tons of refuse per twenty-four hours, whereas plaintiff in its proposal induced council to believe that it was proposing to construct a furnace which would incinerate one hundred and ten tons per twenty-four hours; that the bid of the plaintiff was greatly in excess of other bids on furnaces of similar capacity; that the plaintiff had no beneficial interest in the contract in question until the same has been properly executed by all the parties; that the contract never was brought to the respondent, Galvan B. Roudabush, for signature; that the council, by resolution enacted on the 12th day of January, 1932, for the reasons set forth in the defendant's return, expressed a desire to rescind its former action awarding the contract; and finally that the failure of the respondent to sign the contract and the desire of the city to rescind the award were justified by the provisions in the specifications providing for the cancellation of awards, to wit, that before the contract was signed by all the parties, the same might be cancelled or the action of council rescinded. The return set forth also the injunction which had issued restraining the cancellation of the award. ·

Plaintiff urges that the averments in the return of the defendant to which it demurred are not statements of

fact, but conclusions and inferences, and that a demurrer admits only facts which are well pleaded, but not arguments or inferences drawn from such facts, citing: Getty v. Penna. Institution, 194 Pa. 571; Kaufmann v. Kaufmann, 222 Pa. 58; Dalmas v. Philipsburg & Susquehanna Valley R. R. Co., 254 Pa. 9; Jones v. Wyomissing Club, 261 Pa. 190. As we regard them, at least two of the averments are averments of fact and, being admitted, warrant defendant in declining to sign the contract and by the same token make improper the issuing of a mandamus to compel him to sign.

It is manifest that the proposal of the plaintiff did not require it to supply an incinerator which would incinerate 110 tons of garbage per twenty-four hours and that city council in awarding the contract thought that the plant to be supplied would do so. In its proposal, plaintiff said: "We guarantee these furnaces......to incinerate 110 tons per 24 hours *at a burning rate of 70 lbs. per sq. ft. grate surface.*" If the burning rate were not 70 pounds per square foot of grate surface, the guarantee would amount to nothing. That council thought it an absolute guarantee is shown by its resolution awarding the contract to plaintiff, in which it is set forth that the contract is awarded in accordance with plaintiff's proposal, "Said proposal being to remodel the plant so as to increase the capacity to 110 tons per 24-hour day."

Under the proposal signed by plaintiff embodying the specifications, it was provided that "Only such furnaces which have successfully passed the experimental stage and which are of recognized merit, made by manufacturers of established reputation and wide experience in this particular line will be considered. The bidder shall submit with his bid a list giving the capacity, location and date of installation of at least five municipal installations of furnaces similar in design and capacity and made by the same manufacturer. The installation named in such list shall include only plants which are

now in operation in the United States and which plants are consuming refuse similar to or worse than that herein specified."

The return contains the averment that the plaintiff had failed to submit such a list with its bid, that in an attempt to induce the city council to believe that it was complying with the above quoted specifications "plaintiff filed with its proposal a list of Decarie plants, which are not similar to the plant described in the petitioner's bid, showing the cities wherein the same were built, the year when the same were built, where additional units have been afterwards placed and the capacity of the furnaces; also a list showing the cities and boroughs wherein Nye Odorless furnaces have been installed, but failing to show the year of installation and the capacity of the furnaces. The furnace proposed to be installed is not a Nye Odorless furnace, but such as manufactured by D. N. Corporation." The return further avers that the plaintiff had no right to construct Nye Odorless furnaces, as the same are protected by United States patents held by the Nye Odorless Incinerator Company. The return also avers that the failure on the part of the petitioner to submit a list of other plants made it impossible for council to get the information it needed to make an intelligent selection of an incinerator. In addition, it is averred that the plaintiff "does not now have in successful operation a plant similar to the one agreed to be installed;......that the failure of the D. N. Corporation to comply with the said specification disqualified it as a bidder."

Mandamus will issue only where there is a clear legal right: Homan v. Mackey, 295 Pa. 82, and cases there cited. We think the legal right of plaintiff to have the contract executed is far from clear. For even where the act sought to be compelled is primarily ministerial in nature, such as the signing of the contract in this instance, the law will not countenance its enforcement when a valid reason for not signing is presented, one

which goes to the root of the bargain and overthrows its very foundations. Thus, in speaking of the duty of a county controller in Com. v. Jones, 283 Pa. 582, 587, Mr. Justice WALLING said: "Undoubtedly where a contract is legal, or a warrant is for a valid indebtedness, the duty of the controller is ministerial and he can be compelled to approve the one or countersign the other, but he cannot be compelled to join in that which is illegal, invalid, or a violation of the statute. One who sues for the writ of mandamus must have some well defined legal right to enforce: Com. v. Mitchell, 82 Pa. 343; Carpenter v. Yeadon Boro., 208 Pa. 396." See also Com. v. Foster, 215 Pa. 177; Com. v. Larkin, 216 Pa. 128; Hamilton v. Johnson, 293 Pa. 136; Com. v. Henry, 49 Pa. 530. While no actual fraud is alleged, nevertheless there does appear to be an overreaching or hoodwinking by the plaintiff of a majority of the members of city council. "No court will knowingly suffer itself to be the instrument to carry into execution a rotten and unsound bargain:" Com. v. Henry, supra, at page 538.

The court below held that council, having the power to annex certain conditions to its proposal and specifications has a like power to waive such conditions and that as to the two requirements of the specifications herein discussed it has done so by making the award. This is a dangerous doctrine to lay down so far as municipalities are concerned and is in the teeth of the principle which we enunciated in Guthrie v. Armstrong, 303 Pa. 11, that bidders on municipal contracts should be on an equality as to knowledge of what a proposed contract is to comprehend.

The judgment of the court below is reversed at the cost of appellee.