Garchinsky v. Clifton Heights Borough et al.,
Appellants.

Argued November 17, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Albert J. Crawford, Jr.,* with him *Crawford, Graham & Higgins,* for appellants.

*Robert James Jackson,* with him *Kassab, Cherry, Curran & Archbold,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 20, 1970:

This is an appeal from an order in mandamus of the Court of Common Pleas of Delaware County directing the Building Inspector of the Borough of Clifton Heights to issue to John and Adele Garchinsky, appellees, a building permit for alteration and use of premises situate at 51 Edgmont Avenue in the Borough of Clifton Heights.

Appellees, then equitable owners of the property at 51 Edgmont Avenue, made application to the Borough Building Inspector for a building permit to make certain modifications to the premises and building they were about to acquire. The Building Inspector refused to grant the permit applied for, and appellees appealed to the Zoning Board of Adjustment of the Borough of Clifton Heights (Board). The proposed modifications to the premises and the use thereof are permitted when authorized as a special exception under the Borough's Zoning Ordinance.

On December 17, 1968 a public hearing on appellees' appeal was held by the Board at which appellees and opponents of the application appeared and testified. At the conclusion of the hearing it was agreed that the time period within which the Board would have to act on the appeal would commence when the notes of testimony were transmitted to the Board. This occurred on January 7, 1969. During the latter part of January, 1969 appellees received in the mail a document executed by the Chairman of the Board which was dated January 18, 1969 and on which was written in longhand "Appeal having been made to the Board of Adjustment by the aforesaid for Variance from the terms of The Borough of Clifton Heights Zoning Board, and the Board having held public hearing after due notice as required by law, is of the opinion that this variance be refused."

On March 5, 1969 appellees acquired legal title to the premises, and on March 15, John Garchinsky again unsuccessfully applied to the Building Inspector for a building permit.

The present action was commenced on March 18 with the filing of a complaint in mandamus. On April 25 a Rule was granted by the court below ordering the Borough of Clifton Heights and Joseph Gilligan, Borough Building Inspector, appellants, to show cause why

motion for summary judgment should not be granted on the complaint. After argument the court, on August 14, 1969, granted appellees' motion for summary judgment and ordered the Building Inspector to issue the requested building permit.

The issues raised in this action revolve around The Borough Code, Act of February 1, 1966, P. L. (1965) 1656, §3207, 53 P.S. §48207. In relevant part that section states:

"[f] The board of adjustment shall fix a reasonable time for the hearing of the appeal, give public notice thereof as well as due notice to the parties in interest, and decide the same within forty-five days after the hearing or if said hearing is continued, within forty-five days after said continued hearing. If the board of adjustment does not make a decision within forty-five days after the hearing or continued hearing, it shall be deemed that such board has decided in favor of the person or the officer of the borough aggrieved or affected who is seeking relief. At the hearing, any party may appear in person or by agent or by attorney.

"[h] In exercising the above mentioned powers, such board may in conformity with the provisions of this article reverse or affirm, wholly or partly, or modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision or determination as in its opinion ought to be made. Notice of such decision shall forthwith be given to all parties in interest.

"[i] Any person aggrieved by any decision of the board of adjustment, or any taxpayer or any officer of the borough, may within thirty days after such decision of the board appeal to the court of common pleas of the county by petition, duly verified, setting forth that such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and specifying the grounds upon which he relies."

Our decisions have made it clear that mandamus is an extraordinary writ which is appropriate to compel performance only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any other appropriate and adequate remedy. *Mullen v. DuBois Area School District,* 436 Pa. 211, 259 A. 2d 877 (1969); *Travis v. Teter,* 370 Pa. 326, 87 A. 2d 177 (1952). It is appellees' theory that what was communicated to them by the Board was not a "decision" as required by the statute and that as no "decision" was made within the forty-five day period, the Board is deemed to have found in favor of them. Therefore, they conclude that they have a clear, legal right to the building permit and that mandamus is a proper action. It is their position that the word "decision" cannot refer to the statement that a variance has been denied but rather encompasses findings of fact, conclusions of law and an opinion in support of the result. They state that this is the proper interpretation of the statute because subsection (i), when referring to the right of appeal to the court of common pleas, requires the appellant to specify the grounds upon which he relies and an appellant could not fulfill that requirement if he did not know the basis of the Board's determination. In support of this position they cite *Humble Oil and Refining Company v. East Lansdowne Borough,* 424 Pa. 309, 227 A. 2d 664 (1967); *Yocum Zoning Case,* 393 Pa. 148, 151 n.3, 141 A. 2d 601 (1958), and *Imperial Asphalt Corporation of Pennsylvania Zoning Case,* 359 Pa. 402, 59 A. 2d 121 (1948) (although they concede it involved a township not subject to The Borough Code).

On the one hand the statute requires that the Board make a decision, and on the other it gives no definition of that word. Webster's Third New International Dictionary (Unabridged edition 1961) defines decision, at 585, as "the act of deciding, the act of settling or

terminating by giving judgment; a determination ar-
rived at after consideration, an account or report of a
conclusion, an announcement declaring the winner in
a contest." When the Board informed appellees (well
within the forty-five day period) that the variance was
denied, it literally had met that definition and had
complied with that requirement. Appellees, however,
argue that the word decision goes beyond the mere re-
sult and encompasses findings of fact and law and an
opinion because otherwise they will not be able to speci-
fy the grounds upon which they rely when they appeal
to the court of common pleas. Appellees' own conduct
is evidence of the weakness of that argument. They
did file an appeal from the determination of the Board
and alleged eight reasons why the Board had abused its
discretion. It is a simple matter for the court of com-
mon pleas to require the Board to file findings of fact
and law and an opinion after the appeal has been filed,
and then the parties can address themselves to those
conclusions.

Also, the policy behind the statute permits such a
construction. As we stated in *Humble Oil*: "The Legis-
lature recognized the existence of this inertia in the
orderly disposition of pending governmental matters,
and, accordingly, wisely provided that when a board
of adjustment indolently allows 45 days to go by with-
out a decision following a hearing, the complaining
party shall have the benefit of that slothful inatten-
tion and gain the requested permit. Without this kind
of coercive determination, a board could effectively
prevent the erection of needed structures through the
simple process of . . . [delay]." 424 Pa. at 314, 227 A.
2d at 666. Thus, the purpose of the statute is to pre-
vent endless delay in the erection of needed structures,
and it is not necessary to promote that purpose that
anything other than a simple "granted" or "denied" be
filed. This is because immediately upon receipt of that

order the aggrieved party can appeal to the court of common pleas, and the case can move ahead to final solution. What is important is that the Board not ignore the appeal. The statute provides the forty-five day cut-off point as a final means of moving the situation forward, but a determination such as the one in this action serves the same purpose.

Finally, *Humble Oil and Refining* is distinguishable from the instant action. In that case a hearing was held on May 24, and on May 31 the Board instructed its secretary to notify the borough solicitor to prepare an opinion and an order denying the application. A copy of the opinion and order was sent to Humble on August 11, the first notice that Humble had received even though the forty-five day period had long since expired. Humble had no knowledge of the internal affairs of the Board, and we held that under those circumstances, when nothing had been communicated to appellant during the forty-five day period, the Board is deemed to have found in favor of appellant and that an action in mandamus may be maintained. We were not there faced with the question whether what was communicated was sufficient; we were only concerned with the situation in which the Board has communicated nothing to appellants. Anything in that opinion going beyond that narrow issue was dictum and not necessary to the decision of that appeal.

Therefore, we hold that no reasons of law or policy require us to define decision by anything other than its common, ordinary meaning and that the statutory requirement is satisfied whenever the Board within the forty-five day limit communicates its conclusions to the parties whether or not it expands on that conclusion by way of findings of fact and law and an opinion.[1] Be-

---

[1] There is no conflict between this decision and *Commonwealth v. General Foods Corporation*, 429 Pa. 266, 239 A. 2d 359 (1968), because the statute involved in this action specifically provides that

cause, under the circumstances of this case, the Board did fulfill the statutory requirement, it is not deemed to have decided favorably to appellees, and thus no clear legal right exists in appellees as will make mandamus a proper remedy. The order of the court below granting summary judgment to appellees is reversed.

---

the appellant shall be given the desired relief if the Board makes no decision within forty-five days, while the statute in *General Foods* had no such provision. See, also, *In re Griffith Will*, 358 Pa. 474, 57 A. 2d 893 (1948) ; *Damon v. Berger*, 191 Pa. Superior Ct. 165, 155 A. 2d 388 (1959).