## Martin v. Garnet Valley School District

*Arnold M. Snyder,* for plaintiffs.

*John F. Cramp,* for defendant.

BLOOM, J., July 8, 1970.—This matter comes before the court by virtue of defendant's preliminary objections in the nature of a demurrer to plaintiffs' complaint in mandamus.

Plaintiffs, Alfred T. Martin and Elizabeth Martin, his wife, reside at Post Office Box 95, Lenni Road, Chester Heights, Delaware County, Pa. Defendant is a joint school district for an area including Chester Heights Borough. Plaintiffs' complaint avers that they are the parents of two children, ages seven and eight years. Both children attended the Concord Elementary School until January 19, 1970. Concord Elementary School is approximately six miles from the home of plaintiffs. Although defendant operates a school bus from the Concord Elementary School, the terminus of the bus route in Chester Heights is a point eight-tenths of a mile from the home of plaintiffs. In order to reach the said terminal point of the said school bus route maintained by defendant, the children must walk eight-tenths of a mile up a long, curving, dangerous hill and narrow road with no other methods of traveling than walking in the road, which is hazardous to expect small children to undertake alone.

Plaintiffs have made numerous requests of defendant to supply adequate and proper transportation for their children. Defendant did not accede to these requests.

On January 19, 1970, plaintiffs obtained the approval of the Board of School Directors of the Rose Tree Media School District to have their children admitted as pupils and enrolled the said children in the Glenwood Elementary School of the Rose Tree Media School District at a tuition rate of $131.54 per month.

On January 29, 1970, plaintiffs, through their attorney, made a demand upon defendant for a payment of the tuition in conformity with the provisions of the Public School Code of March 10, 1949, P. L. 30, Art. XIII, sec. 1313, 24 PS §13-1313, which provides as follows:

"Where any pupil in any school district resides one and one-half miles, or more, by the public road, from the nearest public elementary school in the district, such pupil, unless *proper* free transportation is furnished to a suitable school in the district, may attend any public elementary school in another school district more convenient of access, on obtaining the consent of the board of school directors of such other school district, and without the consent of the board of school directors of the district where such pupil resides. The district where such pupil resides shall promptly pay, to the district where such pupil attends, the tuition charge provided for by this act. The board of school directors of any district may, on account of convenience of access, or other reasons, permit any pupils to attend the schools of another district."

It is the contention of plaintiffs that it is the obligation of defendant to provide transportation to a point where there would be less hazards involved, and defendant has refused to conform to the requirements of the act in that the transportation offered was not proper transportation and that plaintiffs could attend a school of another district more convenient of access with the consent of the board of directors of the other school district and without the consent of the board of directors of defendant school district.

It is the further contention of plaintiffs that it was mandatory upon defendant to promptly pay the tuition to the Rose Tree School District and their refusal to do so has caused plaintiffs to file their complaint for a writ of mandamus.

Plaintiffs further aver that by filing preliminary objections in the nature of the demurrer, defendant admits as true the facts set forth in the pleading.

Defendant contends that the admission made by the demurrer is not an absolute admission of the facts, but merely admits the facts for purposes of argument on the question of law involved. Defendant further contends that even accepting the facts as true, there are not sufficient averments in the complaint to justify a cause of action in mandamus.

It is a well-established principle of the law that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in plaintiff, a corresponding duty in defendant and a want of any other appropriate and adequate remedy. Even in such cases, its issuance is not a matter of right but in certain circumstances is a matter for sound discretion of the court. It is well settled that in a mandamus proceeding, a court can compel a public official who is vested with a discretionary power to exercise that discretion; but, unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law, it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official, who is vested with a discretionary power, which prevails and not that of a court or a jury or a person aggrieved; and a court cannot compel such official to exercise his discretion in a manner which will produce a result which the court may deem wise or desirable: Travis v. Teter, 370 Pa. 326 (1952); Verratti v. Ridley Township, 416 Pa. 242 (1965); Young Men & Women's Hebrew Association v. Monroeville Borough Council, 429 Pa. 283 (1968); Rose Tree Media School District v. Department of Public Instruction, 431 Pa. 233 (1968); Garchinsky v. Clif-

ton Heights Borough, 437 Pa. 312 (1970).

In the complaint filed by plaintiffs, there is attached a letter from the solicitor of defendant school district to the attorney for plaintiffs which states as follows:

"After appropriate and detailed review of the entire situation, and after consultation with representatives of the Department of Public Instruction, the County Board, and the State Police, Garnet Valley is satisfied that it does provide adequate transportation for the Martin children and therefore Garnet Valley must respectfully decline the request that it pay tuition for those children to attend school in another school district. In our judgment we are in full compliance with the appropriate Statutes."

This indicates to the court that prior to the filing of this suit, the defendant school district board have reviewed the entire transportation problem and determined that, in its discretion, it believed the present plan to be the most effective way of meeting the transportation problem of plaintiffs and the other children in this area.

We would not want to believe that the school board would in any way endanger the lives of children walking to school if it could be avoided. As much as the court would desire the officials of the school district to pick up the pupils at plaintiffs' home or at a locality convenient to them, the court cannot compel them to do so, if, in their discretion, they have arranged the best transportation possible.

We cannot order the school district to pay the tuition costs for these pupils to attend other schools if the transportation facilities meet the requirements of the law. We cannot conclude from the facts averred in the complaint that the discretion of the school board is being arbitrarily or fraudulently exercised or is based upon a mistaken view of the law.

We trust that the school board would place the safety and the protection of the life and limb of children before its concern of increased taxes if this was required to perform its duties under the law.

We feel that plaintiffs have an appropriate and adequate remedy at law to proceed to reimburse them in their claim for tuition which they are being required to pay in another school district. Therefore, we conclude that plaintiffs have no right to demand payment of tuition they are required to pay by means of a writ of mandamus.

Accordingly, we enter the following,

### ORDER

And now, to wit, July 8, 1970, after argument before the court en banc and upon consideration the preliminary objections filed on behalf of defendant in the nature of a demurrer are hereby sustained.

The complaint for a writ of mandamus filed on behalf of plaintiffs is hereby dismissed.