Board of Supervisors of North Coventry Township, Appellant, *v.* Silver Fox Corporation, Appellee.

Argued October 2, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lawrence Sager*, with him *Sager & Sager*, for appellant.

*Alvin L. Weiss*, for appellee.

OPINION BY JUDGE ROGERS, November 27, 1973:

The Supervisors of North Coventry Township have appealed from an order of the Court of Common Pleas of Chester County in mandamus directing them to re-

issue building permits for the construction of a 1500 unit apartment townhouse development. The plaintiff-appellee and proposed recipient of the permits is Silver Fox Corporation. The trial was by a judge without a jury.

Robert E. Wilson and Florence E. Wilson, his wife, were the owners of 160 acres of land in North Coventry Township. Commencing in late 1966 and continuing into 1967, the Wilsons and an associate, one John Gambone, engaged in conversations and negotiations with the North Coventry supervisors looking toward the approval by the latter, required apparently by an ordinance not in this record, of the construction of apartments and townhouses on the Wilson land. In July 1967, the supervisors approved the scheme of development, subject, however, to two conditions; first, that public water would be available to the development and second, that the developers would reserve by a duly executed and recorded instrument a tract of about 17 acres for recreation purposes. Silver Fox Corporation had been organized by the developers in May or June 1967 to hold title to the land.

In purported compliance with the condition that public water be available, there was exhibited to the supervisors on July 10, 1967 an agreement bearing the same date between Silver Fox Corporation and Pottstown Borough Authority by which the latter would supply water to the development. The first paragraph of this agreement provides: "This agreement shall become effective and operative when Silver Fox Corporation becomes the absolute, fee simple owner of the entire tract by a properly recorded deed."

There appears in the township's minutes under date of August 14, 1967, a notation "The agreement for the Recreation Area . . . has been recorded and final approval given to the plans." This had reference to an agreement between Silver Fox Corporation and the

township dated July 31, 1967, purporting to reserve a tract therein described for recreational uses. That agreement contains the following recitals:

"Whereas, the Corporation [Silver Fox] is the owner of premises situate in North Coventry Township, Chester County, Pennsylvania, on which it desires to have erected apartment units; and

"Whereas, as a condition for the granting of permits for the erection of such apartment units, Township requires that a portion of said premises hereinafter described be reserved for recreation purposes only."

Building permits were issued in November and December of 1967. Approximately one year later, on December 14, 1968, the supervisors adopted a zoning ordinance, under which the Wilson property was located in an R-1 district where only single family residences on half acre lots were permitted.

On March 10, 1969, the supervisors revoked Silver Fox's building permits. The record is totally silent on the reason or reasons for the revocation. There is nothing upon which an inference can be drawn that they were revoked on grounds other than those upon which the township defended this case, to wit, that as of the time of revocation and down to the time of trial, there was neither an effective agreement for public water to be supplied to the property nor an effective reservation of recreational land, the conditions insisted upon when the permits were granted.

The salient fact in this case is that, although the agreement between Slver Fox and the township recited the former's ownership of the land and the water agreement's effectiveness was conditioned on such ownership, *the Wilsons never conveyed their land to Silver Fox Corporation.*[1] The agreement of reservation exe-

---

[1] At the trial in 1971, Robert E. Wilson gave as the reason for not conveying the land, the purpose of avoiding the payment of transfer taxes.

cuted by Silver Fox Corporation was therefore wholly ineffective, even had it been recorded as promised. Further, and for the same reason, the agreement with Pottstown Borough Authority remained ineffective and inoperable. These were not mere technicalities. While Florence E. Wilson may have been bound by reason of an agreement in the record to convey to Silver Fox Corporation, there is nothing in the record suggesting that she ever agreed in writing to reserve part of the land for recreation. Her husband's execution as a corporate officer of Silver Fox's agreement of reservation did not bind her. Indeed, since Mrs. Wilson neither signed nor otherwise participated in it, this instrument was not specifically enforceable against either Wilson. *Peterson v. Chandler*, 362 Pa. 102, 66 A. 2d 284 (1949); *Polka v. May*, 383 Pa. 80, 118 A. 2d 154 (1955); *Alessi v. Barchester, Inc.*, 14 Chester County Reports 308 (1966).

Neither of the township's conditions having been met, the permits were improvidently issued in late 1967 and not improperly revoked 15 months later.[2] We must therefore conclude that the court below improperly exercised its discretion and that its order should be reversed.

"Mandamus is an extraordinary writ which is appropriate to compel performance only where there is a clear legal right in the plaintiff, [and] a corresponding duty in the defendant." *Garchinsky v. Clifton Heights Borough*, 437 Pa. 312, 316, 263 A. 2d 467 (1970). "One who sues in mandamus must have some well-defined legal right to enforce." *D. N. Corporation*

---

[2] At the time of revocation, the developers had expended about $4000 on the project. Only about one-half of this amount was for work on the ground, consisting of some excavation for foundations and the placement of some footings. The structures for which this preliminary work was done would, if completed, have cost an estimated $440,000.

*v. Roudabush,* 309 Pa. 393, 399, 164 A. 60 (1932). "Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right ... mandamus can never be invoked in a doubtful case." *Chilli v. McKeesport School District,* 334 Pa. 581, 583, 6 A. 2d 99 (1939). "[A] writ of mandamus can be invoked to compel the performance of ministerial acts by public and corporate officers only where the relator has a clear, legal right to the performance of such acts and the defendant has a corresponding duty to perform. Where doubt as to the relator's right or the defendant's duty exists, the remedy is neither appropriate nor available." *Leff v. N. Kaufman's, Inc.,* 342 Pa. 342, 346, 20 A. 2d 786 (1941). "It is axiomatic that to succeed in an action in mandamus the complainant must show an immediate and complete legal right to the demand." *Commonwealth ex rel. McLaughlin v. Erie County,* 375 Pa. 344, 347, 100 A. 2d 601 (1953).

Silver Fox's right to the reissuance of the permits was far from clear, well-defined, complete, and immediate. Indeed, the court below recognized a lack of immediacy for, in addition to ordering the defendant to reissue the permits, it directed the plaintiff, Silver Fox Corporation, to record its still empty reservation of land.

Order reversed.