Bakerstown Liquid Burners, Inc. et al. *v.* Richland Township et al. Concerned Citizens Action Program, Appellant.

Bakerstown Liquid Burners, Inc. et al. *v.* Denis Ranalli et al. Concerned Citizens Action Program, Appellant.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

560

*Joseph M. Ludwig, Ludwig & Ackman,* for appellant.

*Arthur Feldstein,* with him *Stanley M. Stein, Feldstein, Grinberg, Stein & McKee,* for appellee, Bakerstown Liquid Burners, Inc. et al.

*Gene E. Arnold, Meyer, Flaherty & Arnold,* for appellee, Richland Township et al.

OPINION BY JUDGE ROGERS, July 21, 1982:

In these consolidated cases, the Concerned Citizens Action Program, intervenor below, appeals from two orders of the Court of Common Pleas of Allegheny County sustaining the appeal of Bakerstown Container Corporation (Bakerstown) from the revo-

cation by the Richland Township Zoning Officer[1] of certain permits previously issued to Bakerstown and compelling, by means of a writ of mandamus, the reissuance of the permits. Because we agree with the appellants that the Court of Common Pleas was without jurisdiction in this matter and that Bakerstown's appeal should have been taken to the township zoning hearing board, we will grant the relief requested by the appellants and will vacate the order of the Court of Common Pleas and remand the record with directions that the cause be transferred to the zoning hearing board for further proceedings.

In June, 1980, Bakerstown, by its president Vance Smith, after consultation with Denis Ranalli, the Richland Township Zoning Officer, applied for and was granted a building permit authorizing the construction of an incinerator to be used in conjunction with Bakerstown's steel drum reconditioning plant. Specifically, Smith represented to Ranalli and to the township planning commission that the proposed incinerator was desirable in that its extremely high temperature of operation would allow the safe disposal of paint by-product residues found in the steel drums reconditioned by Bakerstown. At a cost of some $200,000, the proposed incinerator was subsequently constructed and an occupancy permit was issued on December 3, 1980. Prior to the commencement of its operation, however, it came to the attention of Ranalli that Bakerstown intended to incinerate

---

[1] Bakerstown's attempted argument that this is an appeal from an adjudication of a local agency because, it is asserted, the zoning officer's action was preceded by a resolution of the Board of Supervisors of Richland Township directing the revocation of the permits must be rejected on the basis of the authorities cited at a later point in this opinion for the principle that the procedures of the Municipalities Planning Code constitute the exclusive mode for seeking review of any action taken pursuant to a zoning ordinance.

at the site, in addition to the paint by-product residues, liquid wastes generated by other local industrial concerns and, by letter dated January 21, 1981, Ranalli informed Bakerstown that the building and occupancy permits previously issued were revoked.

Bakerstown sought review of this act of revocation by two means. In February, 1981, Bakerstown filed a "Notice of Zoning Appeal" in the Court of Common Pleas of Allegheny County. At the same time Bakerstown filed a complaint in the nature of an application for the issuance of a writ of mandamus. These actions were consolidated and two hearings were conducted by the Honorable NICHOLAS P. PAPADAKOS for the court below on April 7 and 8, 1981.

At the hearings Smith and Ranalli testified to the facts described above and Smith testified that it had always been his intention to use the newly constructed incinerator apparatus primarily for the disposal of wastes generated by the drum reconditioning process but that preliminary experimentation with the incineration of these paint by-product residues had revealed the necessity of combining the residues with an industrial solvent in order to reduce their viscosity and permit their introduction into the combustion chamber. Smith further testified that contaminated solvents produced as a waste product by other industrial processes were suitable for the purpose of thinning the paint residues and that he now proposed to incinerate, for a fee to be charged to the producers, such contaminated solvents. Ranalli testified to his belief that the permits were properly revoked because the issuance of permits had been predicated on the representations of Smith, now known to be less than wholly accurate, that only wastes generated by the drum reconditioning process were to be incinerated. The court below granted the relief requested—the reissuance of the permits—expressly conditioned on a

prohibition against the incineration by Bakerstown of contaminated solvents imported from elsewhere.

On this appeal the citizen intervenors renew the contention, rejected below, that mandamus was unavailable to Bakerstown under these circumstances and that any appeal from the action of the zoning officer ought to have been addressed in the first instance, to the township zoning hearing board. Although in our judgment, and, as is indicated by the failure of either Bakerstown or the township to appeal from the orders of the court below, the orders here challenged accomplished substantial justice, we must sustain the jurisdictional contention.

The direct appeal to the lower court should not have been entertained. Section 1006(c) of the Pa. Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11006(c), after describing several classes of landowner appeals not here pertinent provides:

> (c) To the extent that the [zoning hearing] board has jurisdiction of the same under section 909 all other appeals shall lie exclusively to the zoning hearing board.

Section 909 of the MPC, to which reference is made, grants jurisdiction to the zoning hearing board to:

> hear and decide appeals where it is alleged by the appellant that the zoning officer has failed to follow prescribed procedures or has misinterpreted or misapplied any provision of a valid ordinance or map or any valid rule or regulation governing the action of the zoning officer.

These provisions have been consistently held to invest the zoning hearing board with exclusive initial appellate jurisdiction over claims that a zoning permit has been wrongfully issued, denied, or revoked. *Appeal of Gilbert,* 34 Pa. Commonwealth Ct. 299, 383

A.2d 556 (1978); *Soltis v. Hanover Associates,* 22 Pa. Commonwealth Ct. 637, 350 A.2d 217 (1976). Indeed, appellant expressly concedes in its brief that no direct judicial review of the permit revocation is authorized by the MPC and we reject its suggestion that statutes providing a right to judicial review of other actions of municipalities, including the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754, have some application in this context. *See* Section 615 of the MPC, 53 P.S. §10615 ("All appeals from decisions of the zoning officer shall be taken in the manner set forth in this act."); Section 1001 of the MPC, 53 P.S. §11001 ("The proceedings set forth in [MPC Article X] shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act.")

Neither was mandamus properly available to Bakerstown to compel reissuance of the permits. "[M]andamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy." *Valley Forge Racing Association v. State Horse Racing Commission,* 449 Pa. 292, 295, 297 A.2d 823, 824-825 (1972). Bakerstown contends that its legal right to the permits is clear not because their original issuance was required by the terms of the applicable zoning ordinance[2] but because vested rights had been acquired in the permits under the

---

[2] The Richland Township Zoning Ordinance has not been included in the record certified to this Court and, evidently, was not before the lower court. No provisions of the ordinance are relied on by any of the parties. This circumstance makes even less clear Bakerstown's legal right to the permits.

rule announced in *Petrosky v. Zoning Hearing Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979). In *Petrosky,* the Court, approving the formulation of this Court in *Commonwealth of Pennsylvania, Department of Environmental Resources v. Flynn,* 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975), held that the following five factors must be weighed in determining whether one has acquired vested rights as the result of permits issued by a municipality:

1. his due diligence in attempting to comply with the law;

2. his good faith throughout the proceedings;

3. the expenditure of substantial unrecoverable funds;

4. the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit:

5. the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

*Petrosky* at 507, 402 A.2d at 1388.

Of these five factors, only the expiration without appeal of the applicable appeal period is clearly established on the record before us. The evidence was at best conflicting as to Bakerstown's due diligence and good faith as well as on the issue of the effect of the incinerator's operations on the public health, safety, and welfare. The township contends with some force that Smith did not adequately disclose at the time of the permit applications his intention to incorporate in the material incinerated up to fifty gallons per hour (one-half of the incinerator's total capacity) of hazardous liquid wastes produced by industrial operations other than the drum reconditioning plant. On this issue, Dennis Ranalli testified:

Q: Did your discussions (with Vance Smith) involve the reason for the need of this burner?

. . . .

A: . . . He said they had entered into an application with the Allegheny County Health Department to make such a facility to dispose of the wastes of the Bakerstown Container Corporation.

. . . .

Q: In any of your discussions prior to the Planning Commission meeting did Mr. Smith ever indicate to you that there would be waste burned in this facility that was generated on the premises other than that of the Bakerstown Container Corporation?

A: No, sir.

Q: At the Planning Commission meeting on April 16th, did you hear any testimony that would have changed your mind to what you just testified to?

A: No, sir.

Cf. *Bogush v. Zoning Hearing Board of the Borough of Coplay*, 63 Pa. Commonwealth Ct. 280, 437 A.2d 1086 (1981) (application for permit to build a "home" when an unlawful twin home was intended negated the inference, necessary to support a vested rights claim under *Petrosky*, that the applicant had acted with unsullied good faith). No evidence was presented as to the extent to which monies thus far expended in constructing the incinerator are or are not recoverable.

Indeed, by conditioning the ordered reissuance of the permits on the acceptance by Bakerstown of a prohibition against the disposal of contaminated solvents, the court below recognized the doubtful propriety of the permits as originally issued. In *Board of Supervisors of North Coventry Township v. Silver*

*Fox Corporation,* 10 Pa. Commonwealth Ct. 646, 312 A.2d 833 (1973), we held that mandamus was improperly granted to compel the reissuance of building permits where, by conditioning its order on a neglected conveyance and recordation of the subject property, the court recognized the absence of clarity and immediacy of the plaintiff's legal right to the permits. We there summarized the legal principles and their application as follows:

"Mandamus is an extraordinary writ which is appropriate to compel performance only where there is a clear legal right in the plaintiff, [and] a corresponding duty in the defendant." Garchinsky v. Clifton Heights Borough, 437 Pa. 312, 316, 263 A.2d 467 (1970). "One who sues in mandamus must have some well-defined legal right to enforce." D.N. Corporation v. Roudabush, 309 Pa. 393, 399, 164 A. 60 (1932). "Mandamus is not a remedy of absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear legal right . . . mandamus can never be invoked in a doubtful case." Chilli v. McKeesport School District, 334 Pa. 581, 583, 6 A.2d 99 (1939). . . . "Where doubt as to the relator's right or the defendant's duty exists, the remedy is neither appropriate nor available." Leff v. N. Kaufman's, Inc., 342 Pa. 342, 346, 20 A.2d 786 (1941). "It is axiomatic that to succeed in an action in mandamus the complainant must show an immediate and complete legal right to the demand." Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344, 347, 100 A.2d 601 (1953).

Silver Fox's right to the issuance of the permits was far from clear, well-defined, com-

plete, and immediate. Indeed, the court below recognized a lack of immediacy for, in addition to ordering the defendant to reissue the permits, it directed the plaintiff, Silver Fox Corporation, to record its still empty reservation of land.

*Silver Fox Corporation* at 650-651, 312 A.2d at 835.

In conclusion, the exclusive remedy available to Bakerstown for contesting the revocation of its permits was by means of an appeal to the zoning hearing board and we must sustain the contention of the citizen intervenors that the court below was without appellate or equitable jurisdiction to grant the relief requested. Therefore we will grant the prayer of the appellant's Petition that we remand this matter for a decision by the entity authorized to decide it.

Orders vacated and remanded.

### Order

And Now, this 21st day of July, 1982, the order of the Court of Common Pleas of Allegheny County, insofar as it granted the relief requested in mandamus, to docket number G.D. 81-03977, is reversed. The order below in the matter of the zoning appeal, to docket number S.A. 158 of 1981, is vacated, and the record is hereby remanded with directions that the record be remanded to the Zoning Hearing Board of Richland Township for further proceedings consistent with this opinion.