### Forks Township Police Association v. Township of Forks

*Anthony C. Busillo, II,* for plaintiff.
*Stanley E. Stettz,* for defendant.

WILLIAMS, *P.J.* September 5, 1984—Before the court are preliminary objections of the defendant in the nature of a demurrer and a jurisdictional challenge to plaintiff's complaint in equity. The parties, through their counsel, have entered into numerous stipulations regarding the factual background and procedural posture of this action, and we have accepted the matter on a case-stated basis. Arguments of counsel were heard on July 3, 1984, and upon careful review of the record, we find the following to be relevant.

This matter involves negotiations between the parties relating to their 1983 and 1984 collective bargaining agreements and a subsequent arbitration award relating to the 1984 agreement. Plaintiff, Forks Township Police Association, has alleged that defendant, Township of Forks, unilaterally changed the terms and conditions of parties' bargaining agreement, thereby causing plaintiff's members to suffer irreparable harm. Plaintiff seeks to compel defendant to reinstate certain provisions allegedly removed from the 1984 agreement and to enjoin the defendant from removing or altering any other terms or conditions of the 1983 contract as modified by the 1984 arbitration award. Defendant contends that mandamus is an improper action herein because plaintiff essentially seeks review and/or interpretation of the arbitration award and, as such, jurisdiction lies in the Commonwealth Court.

In assessing defendant's objections to jurisdiction, we must briefly review the procedural background of this action. It has been stipulated by the parties that in late 1983 and early 1984, the parties met on several occasions to discuss the Association's demands and proposals for changes in the 1984 collective bargaining agreement. Approxi-

mately 15 items were discussed during the course of these negotiations and these disputed issues were subsequently submitted to an arbitration panel. On April 26, 1984, the arbitrators entered an award disposing of plaintiff's demands and included a statement — Item 9 of the award — that "all other demands and proposals by the parties not discussed herein are deemed denied." The defendant took the position, upon review of that award, that all items not specifically covered by the award were denied by the panel and to be deleted from the agreement.

Herein lies the dispute. Plaintiff contends that five items — longevity, life insurance, health and accident insurance, eight personal holidays and bereavement as to non-immediate family — were benefits included under the 1983 agreement, but not included in the disputed issues submitted to the arbitration panel. Plaintiff argues that those benefits were therefore not affected by the arbitration award and thus should have remained in effect subsequent to that award. Upon denial of those benefits by defendant, plaintiff filed a charge of unfair labor practices with the Labor Relations Board and also filed the present mandamus action to compel defendant to reinstate the deleted benefits and to enjoin it from unilaterally removing or altering any other terms of the agreement, as modified by the award.

Plaintiff filed the complaint on or about May 30, 1984 and simultaneously obtained an order of court temporarily enjoining defendant from "eliminating any benefits contracted in the 1983 collective bargaining agreement between plaintiff and defendant, as well as all previous benefits enjoyed by plaintiff, which were not modified by, nor were they a subject of, the 1984 arbitration award", pending a hearing

on the matter. On June 8, 1984 defendant filed preliminary objections to the complaint now before the court for disposition. On or about June 11, 1984 defendant obtained an order of court vacating the aforementioned injunctive order of May 30, 1984, and setting a hearing date for June 22, 1984. At the hearing, the court accepted the stipulations of the parties as part of the record and directed that the matter be presented to the court on a case-stated basis for disposition of the preliminary objections.

We have before us a jurisdictional challenge by the defendant, alleging that the plaintiff seeks a review and/or interpretation of the 1984 arbitration award and that, as such, jurisdiction lies solely in the Commonwealth Court. We note, however, that in regard to at least four of the five items in question, the parties have stipulated that those items were not included in plaintiff's demands and therefore were never submitted to the arbitration panel. We must therefore disagree with defendant's characterization of plaintiff's request as seeking review of the arbitration award. Plaintiff is willing to comply with the arbitration award and solely challenges what it believes to be defendant's erroneous interpretation of that award. Accordingly, we dismiss this portion of the township's objections.

Mandamus is an extraordinary remedy and the writ will issue only where there is (1) a clear legal right in the plaintiff, (2) a corresponding duty on the part of the defendant, and (3) want of any other adequate, appropriate and specific remedy. Garchinsky v. Clifton Heights Borough, 437 Pa. 312, 263 A.2d 467 (1970); Bakerstown Liquid Burners, Inc. v. Richland Township Concerned Citizens Action Program, 67 Pa. Commw. 559, 447 A.2d 1071 (1982). "Mandamus is not a remedy of

absolute right, it is an extraordinary writ, discretionary with the court, and can only be obtained when there is a clear right . . . mandamus can never be invoked in a doubtful case." Chilli v. McKeesport School District, 334 Pa. 581, 6 A.2d 99 (1939); Bakerstown Liquid Burners, Inc. v. Richland Township Concerned Citizens Action Program, supra. "It is axiomatic that to succeed in an action in mandamus the complainant must show an immediate and complete legal right to the demand." Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344, 100 A.2d 601 (1953); Bakerstown Liquid Burners, Inc. v. Richland Township Concerned Citizens Action Program, supra.

Such conditions are met and the remedy of mandamus is available against a municipality where there is a clear contractual right, arising out of a collective bargaining agreement, to be enforced. Geriot v. Council of Borough of Darby, 491 Pa. 63, 417 A.2d 1144 (1980); Christian v. Johnstown Police Pension Fund, 421 Pa. 240, 218 A.2d 746 (1966). The issue before us is whether, as the plaintiff contends, mandamus is proper because the plaintiff is seeking the enforcement of a clear contractual right; or whether, as the defendant contends, mandamus is improper because plaintiff is seeking enforcement of "a doubtful claim", given the express wording of the collective bargaining agreements and the arbitration award.

In making such a determination we must divide the claimed benefits into two categories. First are those four items, longevity, life insurance, health and accident insurance and eight personal holidays, which were included in the 1983 agreement and for which the Association did not request any changes during negotiations for the 1984 agreement. These four items were not submitted to the arbitration

panel and were not, therefore, included in the arbitration award.[1]

Second is the item of bereavement as to non-immediate family which was submitted to the panel as a sub-item but was not specifically addressed by the award. This issue was clearly disposed of by the language of Item 9 of the award denying all other demands and proposals by the parties.

Plaintiff takes the position that all benefits previously enjoyed under the 1983 agreement were automatically assimilated into the 1984 agreement unless modified or deleted by the arbitration award. To hold otherwise, plaintiff contends, would be to require a bargaining party to submit every specific item to arbitration, including those benefits which are well-established and unchallenged, thereby creating a practice that would be both costly and burdensome. Plaintiff bolsters its argument by noting that section 4(a) of Act 111, Collective Bargaining by Policemen or Firemen, dictates that either party to a bargaining impasse must provide "written notice to the other party containing specification of the issue or issues in dispute". 43 P.S. §217.4(a). Accordingly, plaintiff concludes that only *disputed* issues are to be presented for arbitration, and that existing and undisputed terms of employment remain as is unless challenged by one of the parties.

Defendant counters that the 1984 arbitration award was intended to set the parameters of the entire bargaining agreement since the parties had reached an impasse in their own negotiations. The defendant thereby suggests that plaintiff could have submitted all other previously enjoyed benefits for

---

1. It is well settled that an arbitration award cannot exceed the scope of submitted issues. AFSCME v. City of Beaver Falls, 74 Pa. Commw. 136, 459 A.2d 863 (1983).

inclusion in the arbitration award by simply submitting an item to the effect that: "all other benefits previously enjoyed shall remain 'as is' ", and that plaintiff's failure to do so constituted a waiver of those benefits.

Defendant essentially proposes that the 1984 arbitration award constituted the entire 1984 bargaining agreement. We disagree. The arbitration award dealt solely with approximately fifteen disputed items and could not, therefore, have had any bearing on the 1983 benefits which were not submitted as being in dispute. (AFSCME v. City of Beaver Falls, supra). To hold that benefits previously enjoyed are waived unless explicitly set forth as demands in each subsequent agreement would be unrealistic. More properly, such benefits should be deemed carried over unless specifically challenged or disputed. Accordingly, we find that plaintiff's entitlement to those four items which were enjoyed under the 1983 agreement and were never submitted to arbitration is a clear contractual right and the remedy of mandamus is therefore available.

## ORDER OF COURT

And now, this September 5, 1984, defendant's preliminary objections are denied and dismissed.