## Brushaber v. Wallenpaupack Area School District

*John H. Klemeyer,* for plaintiffs.
*Joseph F. Kameen,* for defendants.

MARSH, *P.J.,* December 6, 1984—Plaintiffs are Raymond Brushaber and Jean Brushaber, his wife, the parents of James Brushaber, a student in the Wallenpaupack Area School District (hereinafter referred to as WASD). Defendants are WASD, Ronald F. Dick, WASD's Superintendent of Schools, and W. Brian Foster, WASD's Business Manager. Plaintiffs live in the Hemlock Farms development in Lords Valley, Blooming Grove Township, Pike County, Pa. They seek to compel defendants to provide bus transportation for their son from the community center on Brewster Road, which connects with Route 402, instead of at the entrance to the community on Route 739, as it is now provided.

On May 3, 1984, this court entered an opinion and order overruling defendants' preliminary objections to plaintiffs' complaint. We held the hearing for this case on September 20, 1984. Briefs have been submitted, and the matter is ripe for decision.

There is very little dispute as to the facts, which we find to be as follows. Prior to the 1983-84 school year, WASD picked up students in the Hemlock Farms development at two places. One was at the entrance at Route 739 and Forest Drive, which is where all students are now picked up. The bus en-

ters onto private property in order to pick up these students safely. The other site was near the community center, which is situated in the development off Brewster Road and Route 402. Brewster Road is colored pink on the map of Pike County, defendants' Exhibit No. 5. WASD evaluated all of the bus routes in the district before the 1983-84 school year and concluded that substantial monetary savings could be realized by changing bus routes. See defendants' Exhibit No. 1. The change decided upon was that all students living at Hemlock Farms would be picked up at the Route 739 entrance.

Plaintiffs' live closer to the Brewster Road entrance than to the Route 739 one. They filed this action in mandamus to force a return to the previous bus routes.

As we noted in our previous opinion, mandamus is an extraordinary legal remedy. It is available only to compel a government official to perform a totally ministerial act. Francis v. Corleto, 418 Pa. 417, 211 A.2d 503 (1965). Plaintiff must show that he has a clear legal right to have that act done, that defendant has a clear legal duty to perform it and that no other adequate remedy exists. Garchinsky v. Borough of Clifton Heights, 437 Pa. 312, 263 A.2d 467 (1970). The decision to grant or not to grant the writ is governed by equitable principles. Commonwealth, ex rel. Lindsley v. Robinson, 30 Pa. Commw. 96, 372 A.2d 1258 (1977).

We believe that this case is an appropriate one for mandamus. The facts conform to those alleged in plaintiffs' complaint. WASD must allow students to enter the public road at the place nearest their home. 24 P.S. §13-1366. For James Brushaber, and several other students in the development, this is where Brewster Road enters the Hemlock Farms development. There is no requirement that the

school buses enter the development. Abrahams v. Wallenpaupack Area School District, 54 Pa. Commw. 637, 422 A.2d 1201 (1980). However, neither James Brushaber nor any other student may be required to walk more than one and a half miles on a public road in order to reach provided transportation. 24 P.S. §13-1362. Defendants' transportation conforms to this section of the statute. However, it does not conform to 24 P.S. §13-1366, since the transportation is not provided at the point nearest to where the private road meets the public road.

Also, we do not believe that there is any question that Brewster Road is a public road. The deed for the road, located in the Office for the Recording of Deeds of Pike County, Pa. Deed Book Volume 173, page 171, clearly reserves for the general public the use of the section of Brewster Road situated on state forest lands. See plaintiffs' Exhibit No. 2, §4. This is the entire road from Route 402 to the gate house of Hemlock Farms. Furthermore, WASD used this road for at least five years in picking up students at the Hemlock Farms community center. This court has seen no evidence that defendants were at all concerned during those years with whether Brewster Road was public of private. We believe that this is a red herring. Defendants are estopped from denying that Brewster Road is a public road from Route 402 to the gate house. In any case, we explicitly find that it is a public road.

However, we cannot go as far as plaintiffs want in fashioning a remedy. Plaintiffs seek an order which would direct defendants to resume picking up students at the community center. This would go too far in interfering with WASD's discretion. Roberts v. School District of Scranton, 462 Pa. 464, 341 A.2d 475 (1975). As we noted earlier, there is no obligation to provide transportation on private property,

which is what Hemlock Farms is. Warrington v. Lakeland Area School District, 3 D.&C. 3d 349 (1974). Defendants, of course, are free to pick up the students at the community center. However, if they pick up students at any point on Brewster Road within one and a half miles of the gate house, they will comply with the statute and fulfill their legal duty. That being the case, mandamus cannot be used to force any performance greater than this statutory minimum.

We decide only this case at this time. Defendants' fears of a flood of complaints may or may not be well-grounded. However, since the use of mandamus is governed by equitable principles, it does not necessarily follow from this case that a single student can force a school district to alter an existing bus route. The case at bar involves the transportation of several students. Furthermore, plaintiffs seek a return to a previous route, not the creation of a new one or an alteration of a long-existing one. The equities are far different.

Therefore, we enter the following

## ORDER

And now, December 6, 1984, defendant Wallenpaupack Area School District is ordered to provide bus transportation to a point no farther than one and one half miles from the gate house of the Hemlock Farms development on Brewster Road. They may also provide it at the community center of Hemlock Farms. Parties shall pay their own costs.