IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clean Air Generation, LLC       :
Anthracite Ridge, LLC,       :
           Appellants       :    No. 819 C.D. 2021
      :
       v.       :    Argued: September 12, 2022
      :
Schuylkill County Board of       :
Commissioners       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: October 26, 2022


      Clean Air Generation, LLC and Anthracite Ridge, LLC (Landowners) appeal from the June 23, 2021 order of the Schuylkill County Court of Common Pleas (trial court), which dismissed their complaint in mandamus against the Schuylkill County Board of Commissioners (Board of Commissioners). In their complaint, Landowners sought to compel the Schuylkill County Planning and Zoning Commission (Planning Commission) to review their zoning application. Upon review, we reverse and remand the matter to the trial court.

## **Factual Background**

      On September 4, 2019, the Board of Commissioners unanimously adopted County of Schuylkill Zoning Ordinance Substantial Invalidity Resolution (Resolution), which declared portions of the Schuylkill County Zoning Ordinance (Zoning

Ordinance) substantively invalid pursuant to section 609.2 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. §10609.2,[1] which pertains to the procedures for a municipal curative amendment to a zoning ordinance. The Resolution provided, in relevant part:

> NOW BE IT THEREFORE RESOLVED by the Schuylkill County Board of Commissioners that the Schuylkill County

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 2 of the Act of October 5, 1978, P.L. 1067, 53 P.S. §10609.2. Section 609.2 of the MPC provides, in relevant part:

> If a municipality determines that its zoning ordinance or any portion thereof is substantially invalid, it shall take the following actions:
>
> (1) A municipality shall declare by formal action, its zoning ordinance or portions thereof substantially invalid and propose to prepare a curative amendment to overcome such invalidity. Within 30 days following such declaration and proposal the governing body of the municipality shall:
>
> (i) By resolution make specific findings setting forth the declared invalidity of the zoning ordinance which may include:
>
> (A) references to specific uses which are either not permitted or not permitted in sufficient quantity;
> (B) reference to a class of use or uses which require revision; or
> (C) reference to the entire ordinance which requires revisions.
>
> (ii) Begin to prepare and consider a curative amendment to the zoning ordinance to correct the declared invalidity.
>
> (2) Within 180 days from the date of the declaration and proposal, the municipality shall enact a curative amendment to validate, or reaffirm the validity of, its zoning ordinance pursuant to the provisions required by section 609 [53 P.S. § 10609, "[e]nactment of zoning ordinance amendments"] in order to cure the declared invalidity of the zoning ordinance.

53 P.S. §10609.2(1), (2).

Zoning Ordinance is hereby declared to be substantively invalid with respect to the establishment and operation of . . . Wind turbine(s) other than is allowed as an accessory use; and

BE IT FURTHER RESOLVED that the Schuylkill County Board of Commissioners shall provide specific findings setting forth the declared and stated invalidity within thirty (30) days following enactment of this Resolution.

BE IT FURTHER RESOLVED that within one hundred eighty (180) days from the date of enactment of this Resolution, the Schuylkill County Board of Commissioners shall enact a Curative Amendment to correct the declared and stated invalidities **and that during said period of time, any and all application[s] for any type of zoning permit and/or zoning approval for any use and/or development related to or similar to: . . . Wind turbine(s) other than is allowed as an accessory use . . . shall not be accepted or considered . . . until the expiration of one hundred eighty (180) days or the enactment of a Curative Amendment, whichever occurs first**.

(Reproduced Record (R.R.) at 37a-39a) (emphasis added).

One week later, on September 11, 2019, Landowners submitted a zoning application to erect a wind farm (consisting of 47 wind turbines, offices and a maintenance facility) in Tremont, Frailey, Hegins and Porter Townships, Schuylkill County (County). (R.R. at 23a-32a.) The application for a zoning permit was directed to the Schuylkill County Planning and Zoning Office, to the attention of Kyle Kehoe, Zoning Officer. *Id*.

By letter dated September 17, 2019, the Board of Commissioners, through their Assistant County Solicitor, Glenn Roth, Esquire (County Solicitor), returned the zoning permit application as "unfiled" and took no further action. (R.R. at 34a-35a.) The Zoning Officer was copied on the letter. The County Solicitor informed

Landowners that on September 4, 2019, the Board of Commissioners adopted the Resolution,[2] which declared portions of the Zoning Ordinance substantively invalid pursuant to section 609.2 of the MPC. In returning the zoning permit application as unfiled, the County Solicitor explained that "the filing may not be accepted **in accordance with the [R]esolution adopted by the Schuylkill County Board of Commissioners.** Please do not hesitate to contact me at any time during this process as I am hopeful that we can adopt a curative amendment that all interested parties will find acceptable." (R.R. at 34a-35a) (emphasis added).

On March 4, 2020, Landowners filed a complaint in mandamus against the Board of Commissioners, seeking an order directing the Planning Commission to review their zoning permit application and apply the zoning ordinance in effect as of September 11, 2019. (R.R. at 45a-48a.) Landowners asserted that the Planning Commission had a "legal obligation" to review the zoning permit application in accordance with the zoning ordinance in effect on the date the application was submitted. (Complaint, ¶9; R.R. at 46a.) They alleged that the Resolution was invalid because the Zoning Ordinance permitted wind turbine uses by right, and there was no basis for the Board of Commissioners to determine that the Zoning Ordinance was "substantially invalid." *Id.* ¶¶15-18; R.R. at 47a. They alleged that the Planning Commission's refusal to accept and act on their permit application left them without a legal remedy. *Id.* ¶10; R.R. at 46a. They claimed that they could not properly appeal the September 17, 2019 letter to the Zoning Hearing Board "as a denial as there was no action taken on the application." *Id.* ¶11; R.R. at 47a.

The Board of Commissioners answered the complaint, averring that the return of the permit application was effectively a denial due to the County's declaration

---

[2] (R.R. at 37a-39a.)

4

that its Zoning Ordinance was substantively invalid, thereby precluding the filing of an application. The Board of Commissioners asserted that because Landowners had an adequate remedy at law and failed to exhaust administrative remedies, the complaint in mandamus must be dismissed. They argued that Landowners were required to appeal the denial to the Schuylkill County Zoning Hearing Board under section 909.1(a)(3) of the MPC, 53 P.S. §10909.1(a)(3)[3] (zoning hearing board has exclusive jurisdiction to hear appeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit, or failure to act on the application). (Answer, ¶8; R.R. at 74a.)

The parties agreed that the matter involved questions of law that did not require additional evidence or testimony and further agreed to submit a stipulation of facts and briefs to the trial court to dispense with the need for a hearing. (R.R. at 86a-89a.) They stipulated that the legal issues to be decided were whether the Board of Commissioners (1) validly adopted the Resolution to prepare a curative amendment regarding wind energy; and (2) lawfully returned the application as unfiled. *Id*. at 88a.

On June 23, 2021, the trial court entered an order dismissing the complaint in mandamus on the grounds that Landowners had an adequate remedy at law and failed to exhaust their administrative remedies by appealing the return of the zoning permit application as unfiled to the Zoning Hearing Board. The trial court determined that the return of the zoning permit application as "unfiled" in these circumstances constituted a "failure to act" for purposes of section 909.1(a)(3) of the MPC, 53 P.S. §10909.1(a)(3), and therefore, Landowners were required to appeal that inaction to the Zoning Hearing Board.

Landowners now appeal to this Court.

---

[3] Added by section 87 of the Act of December 21, 1988, P.L. 1329.

## Appeal Issues

On appeal,[4] Landowners argue that the trial court erred by dismissing their complaint in mandamus on the grounds that they had an adequate remedy at law and failed to exhaust their administrative remedies. They assert that nothing in the MPC provides the Zoning Hearing Board with jurisdiction to either (1) hear an appeal from the Board of Commissioners' refusal to accept and review a permit application based on a moratorium in the Resolution, or (2) decide if the Resolution was lawful.

## Mandamus Principles

It is well established that mandamus is an extraordinary writ designed to compel an official's performance of a ministerial act or mandatory duty. *Sinkiewicz v. Susquehanna County Board of Commissioners*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015); *Wilson v. Pennsylvania Board of Probation & Parole*, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). The burden of proof falls on the party seeking this remedy to establish his or her legal right to relief. *Sinkiewicz*, 131 A.3d at 546. Mandamus requires (1) a clear legal right in the plaintiff, (2) a corresponding duty in the defendant, and (3) the lack of any other adequate and appropriate remedy at law. *Id*. The purpose of mandamus is not to establish legal rights but only to enforce those rights which are already established. *Id*. As a "high prerogative writ, mandamus is rarely issued and never to interfere with a public official's exercise of discretion." *Id*.

A writ of mandamus can be used to compel a public official to exercise discretion where the official has a mandatory duty to perform a discretionary act and

---

[4] This Court's review of a trial court's denial of a writ of mandamus determines whether the trial court committed an error of law or abused its discretion, and whether substantial evidence exists to support its findings. *Township of Forks v. Forks Township Municipal Sewer Authority*, 759 A.2d 47, 51 n.2 (Pa. Cmwlth. 2000). Because the issues before this Court in this case are purely questions of law and the facts in this matter are undisputed pursuant to the parties' stipulation, our appellate standard of review is *de novo* and the appellate scope of review is plenary. *Sternlicht v. Sternlicht*, 876 A.2d 904, 906 (Pa. 2005).

has refused to exercise discretion.  In establishing this use of mandamus, our Supreme Court explained as follows:

> But where[,] by a mistaken view of the law or by an arbitrary exercise of authority there has been in fact no actual exercise of discretion, the writ will lie.

*Tanenbaum v. D'Ascenzo*, 51 A.2d 757, 758 (Pa. 1947) (citations omitted).  When the official refuses to exercise discretion, a writ of mandamus "will lie" to compel the official to do so.  *Id*.  Notably, where a public official "is clothed with discretionary powers, and has exercised those powers, mandamus will not lie to compel a revision of the decision resulting from such exercise of discretion, though in fact, the decision may be wrong."  *Anderson v. Philadelphia*, 36 A.2d 442, 444 (Pa. 1944).

#### **Applicable Law on Jurisdiction of the Zoning Hearing Board**

Section 909.1 of the MPC describes the jurisdictional power of zoning hearing boards to "render final adjudications" in nine categories of land use applications, disputes and challenges.  Specifically, zoning hearing boards have jurisdiction over appeals from decisions of the municipal zoning officer and municipal engineer administering the local land planning and land use regulations, substantive and procedural challenges to the validity of land use and land planning ordinances, applications for special exception where a particular land use is so designated in the zoning ordinance, and applications for variance relief from enforcement of the literal terms of the zoning ordinance.  Section 909.1 of the MPC, 53 P.S. §10909.1.  Relevant here is section 909.1(a)(3) of the MPC, which grants the zoning hearing board exclusive jurisdiction over the zoning hearing officer's "denial" of any zoning permit or over "the failure [of the zoning hearing officer] to act upon" a zoning application. 53 P.S. §10909.1(a)(3).  That section provides:

7

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

\* \* \* \*

(3) Appeals **from the determination of the zoning officer**, including, but not limited to, the granting or **denial of any permit**, **or failure to act on the application** therefor, the issuance of any cease and desist order or the registration or refusal to register any nonconforming use, structure or lot.

53 P.S. §10909.1(a)(3) (emphasis added).

## Analysis

The question before us is whether the County Solicitor's return of Landowners' zoning permit application as "unfiled" based on the Resolution adopted by the Board of Commissioners could have, or should have, been appealed to the Zoning Hearing Board.

In *Bakerstown Liquid Burners, Inc. v. Richland Township*, 447 A.2d 1071 (Pa. Cmwlth. 1982), this Court held that mandamus was not available to a landowner to compel the issuance of a building permit because the landowner failed to pursue an available appeal to the zoning hearing board. There, Bakerstown Container Corporation (Bakerstown) applied for and was granted a building permit authorizing the construction of an incinerator to be used in conjunction with Bakerstown's steel drum reconditioning plant. *Id*. at 1072. When it became apparent that Bakerstown intended to incinerate at the site, the zoning officer revoked the building permits. Bakerstown filed a notice of appeal in the Court of Common Pleas of Allegheny County (common pleas court) and an application for the issuance of a writ of mandamus. *Id*. The common pleas court granted the requested relief and reissued the permits. On appeal to this Court, the Concerned Citizens Action Program (intervenor below) argued

8

that mandamus was unavailable to Bakerstown because any appeal from the action of the zoning officer had to have been addressed, in the first instance, to the township zoning hearing board. This Court agreed that the exclusive remedy available to Bakerstown for contesting the revocation of its permits was by means of an appeal to the zoning hearing board. *Id*. at 1075.

However, this case is different from *Bakerstown* in that the putative action or inaction relative to Landowners' zoning permit application was not that of the Zoning Officer. Here, the Board of Commissioners, through the County Solicitor, returned the permit application as unfiled based on the provisions of its Resolution, which placed a 180-day moratorium on permit applications pending the adoption of a curative amendment. Landowners complained that the Resolution was invalid and that the Board of Commissioners unlawfully used the Resolution as the grounds for returning the permit application as unfiled. If Landowners had, in fact, appealed the September 17, 2019 letter to the Zoning Hearing Board, it would have been tasked with deciding: (1) whether the Commissioners' Resolution imposing the 180-day moratorium was lawful; and (2) whether the Commissioners could lawfully return a zoning permit application as unfiled on the grounds that the County is pursuing a curative amendment pursuant to the Resolution. We agree with Landowners that the Zoning Hearing Board had no jurisdiction to decide these questions.

Zoning boards are administrative agencies created by the General Assembly. *Joe Darrah, Inc. v. Zoning Hearing Board of Spring Garden Township*, 928 A.2d 443 (Pa. Cmwlth. 2007). Their power is limited to that conferred expressly by the legislature, or by necessary implication. *Id*. Further, the limit to that power must be strictly construed; a doubtful power does not exist. *Id*. There is nothing in the MPC that grants a zoning hearing board jurisdiction to enjoin or invalidate a

9

resolution enacted by a governing body. The Zoning Hearing Board would have had to decide the lawfulness of the Resolution, which on its face sanctioned the rejection of Landowners' permit application. This was beyond Zoning Hearing Board's statutory jurisdiction. Therefore, Landowners were not required to file an appeal to the Zoning Hearing Board from the September 17, 2019 letter, which informed them of the Board of Commissioners' rejection of the application and return of it as unfiled based on the Resolution.

Accordingly, for these reasons, we conclude that the trial court erred by dismissing the mandamus complaint for lack of jurisdiction based on the failure to exhaust administrative remedies. The trial court is reversed. The matter is remanded to the trial court to decide, in the first instance, the merits of Landowners' complaint in mandamus.

Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Clean Air Generation, LLC | : | |
| Anthracite Ridge, LLC, | : | |
| Appellants | : | No. 819 C.D. 2021 |
| | : | |
| v. | : | |
| | : | |
| Schuylkill County Board of | : | |
| Commissioners | : | |

## _**ORDER**_

AND NOW, this 26th day of October, 2022, the order of the Court of Common Pleas of Schuylkill County is hereby REVERSED and the matter is remanded for proceedings in accordance with this opinion.

Jurisdiction is relinquished.

_____
PATRICIA A. McCULLOUGH, Judge